IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | CONSOLIDATED UNDER MDL DOCKET NO. 875 |
| THE ESTATE OF ROBERT J. DION BY SPECIAL ADMINISTRATOR CHRISTINE M. DION, <br><br> Plaintiff, <br><br> v. <br><br> AMCHEM PRODUCTS, INC., et. al., <br><br> Defendants. | Civil Action Nos.: 2:10-cv-64681 <br> 2:10-cv-64682 <br> 2:10-cv-64683 |

## **ORDER**

**AND NOW,** this_____ day of _____, 2011, upon consideration of the Motion for Summary Judgment of The Lincoln Electric Company, any response(s) thereto, and any arguments of counsel, it is hereby ORDERED and DECREED that the motion is hereby GRANTED, and that all claims and cross-claims in this action as against The Lincoln Electric Company are hereby dismissed with prejudice.

This _____ day of _____, 2011

BY THE COURT:

_____
Presiding Judge Eduardo C. Robreno

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | CONSOLIDATED UNDER MDL DOCKET NO. 875 |
| THE ESTATE OF ROBERT J. DION BY SPECIAL ADMINISTRATOR CHRISTINE M. DION, Plaintiff, v. AMCHEM PRODUCTS, INC., et. al., Defendants. | Civil Action Nos.: 2:10-cv-64681 2:10-cv-64682 2:10-cv-64683 |

**<u>DEFENDANT THE LINCOLN ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, The Lincoln Electric Company (hereinafter, "Lincoln"), by and through counsel, hereby moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1. Lincoln is entitled to judgment as a matter of law because discovery has closed in this matter and Plaintiff has offered no evidence that Decedent, Robert J. Dion, worked with or around any product that is the legal responsibility of Lincoln and thus has failed to adduce any evidence that Plaintiff's decedent was exposed to free, respirable asbestos fibers as a consequence of his work with or around any product attributable to Lincoln, much less with the requisite frequency, proximity and regularity required to cause any asbestos-related disease. There is absolutely no testimony or other evidence that Decedent ever even encountered <u>any</u> product that is the legal responsibility of Lincoln, let alone an asbestos-containing

2

product that is the legal responsibility of Lincoln. Neither Plaintiff's decedent nor any co-workers or other fact witnesses were deposed in this case, and thus Plaintiff cannot meet the evidentiary burden on causation to sustain this case. There being no dispute of material fact regarding Decedent's lack of identification of any Lincoln product and lack of exposure to free, respirable asbestos fibers from any Lincoln product, and therefore no dispute of fact that Lincoln's products were not a factual cause or a substantial contributing factor in the development of Decedent's alleged asbestos-related disease and death, Lincoln is entitled to judgment on its behalf as a matter of law.

In further support of this Motion, Lincoln submits and incorporates, as if set forth fully herein, the attached Memorandum of Law in Support of Motion for Summary Judgment.

Lincoln respectfully requests a hearing on its Motion for Summary Judgment to the extent that this Motion is contested by any party.

        **EVERT WEATHERSBY HOUFF**
        120 East Baltimore Street, Ste. 1300
        Baltimore, MD 21202
        (443) 573-8500
        cmmaisano@ewhlaw.com

BY:   Clare M. Maisano, #27677
        Carol A. Zuckerman, #05013

*Attorneys for Defendant*
*The Lincoln Electric Company*

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | CONSOLIDATED UNDER<br>MDL DOCKET NO. 875 |

| | |
|---|---|
| THE ESTATE OF ROBERT J. DION<br>BY SPECIAL ADMINISTRATOR<br>CHRISTINE M. DION,<br><br>    Plaintiff,<br><br>v.<br><br><br>AMCHEM PRODUCTS, INC., et. al.,<br><br><br>    Defendants. | Civil Action Nos.:  2:10-cv-64681<br>                           2:10-cv-64682<br>                           2:10-cv-64683 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE LINCOLN ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Christine Dion, as Special Administrator of the Estate of Robert J. Dion, deceased, filed the instant lawsuit alleging that the decedent developed malignant mesothelioma as a consequence of occupational exposure to asbestos. Plaintiff has named Lincoln as one of the defendants, and contends that welding rods attributable to Lincoln combined with the products of others to cause Decedent's alleged asbestos-related disease. Plaintiff's claims as against Lincoln must fail as a matter of law because Plaintiff has not, and can not adduce sufficient evidence to satisfy Plaintiff's burden of proof and create any question of material fact for the jury.

First, and foremost, Plaintiff has not produced any evidence to show that

4

Decedent worked with or around <u>any</u> product, asbestos-containing or otherwise, that is the legal responsibility of Lincoln. Prior to the close of discovery, neither Decedent nor any co-worker product identification witnesses were identified or deposed in this matter, and thus no testimony was offered as to Decedent's alleged work with or around any product that is the legal responsibility of Lincoln, much less a product that contained asbestos. This lack of product identification alone requires entry of summary judgment on Lincoln's behalf.

Thus, Plaintiff cannot meet the burden of proof on causation as against Lincoln. Accordingly, Lincoln is entitled to judgment as a matter of law.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff Christine Dion, as Special Administrator of the Estate of Robert J. Dion, deceased, filed the instant lawsuit alleging that the decedent developed malignant mesothelioma as a consequence of occupational exposure to asbestos. A scheduling order was entered in this case on August 6, 2010. Pursuant to this Order, discovery closed on December 7, 2010.

Discovery has now closed, and no fact witnesses have been identified or deposed in this case.

## III.   LEGAL ANALYSIS

The standard for summary judgment under Federal Rule of Civil Procedure 56 is well-settled.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

5

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ. P. 56 (c)*. The moving party must carry the burden of showing that there is no genuine issue of material fact, entitling that party to summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Once the moving party meets this burden, the non-moving party must then go beyond the pleadings to set forth "specific facts showing a genuine issue for trial." *Fed. R. Civ. P. 56(e)(2)*. The non-moving party may not rest upon mere allegations or denials, but rather must submit substantive, credible evidence to show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986). If the record taken as a whole in a light most favorable to the non-moving party, "could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Stated otherwise, where the evidence for the non-moving party is merely colorable, or is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

**A.     Plaintiff Cannot Establish that Decedent Worked With or Around Any Product That Is the Legal Responsibility of Lincoln.**

In light of the undisputed material facts of this case, summary judgment must be entered for Lincoln because Plaintiff has not offered any admissible evidence to satisfy the required elements of the asserted cause of action against Lincoln. Specifically, Plaintiff has not offered even a scintilla of admissible evidence to establish that Decedent worked with or around <u>any</u> Lincoln products, much less any Lincoln products that contained asbestos. Thus, Plaintiff has not adduced evidence sufficient to maintain a

claim against Lincoln, and Lincoln is therefore entitled to judgment as a matter of law.

.

## IV.     CONCLUSION

For all of the above reasons, Defendant, The Lincoln Electric Company, respectfully submits that it is entitled to summary judgment as a matter of law and that all claims and cross-claims against it should be dismissed with prejudice.

**EVERT WEATHERSBY HOUFF**
120 East Baltimore Street
Suite 1300
Baltimore, MD 21202
(443) 573-8500
cmmaisano@ewhlaw.com

BY:     Clare M. Maisano, #27677
        Carol A. Zuckerman, #05013

        *Attorneys for Defendant*
        *The Lincoln Electric Company.*

## **CERTIFICATE OF SERVICE**

I, Clare M. Maisano, do hereby certify that a true and correct copy of the foregoing was served upon all parties by electronic service through the Court's ECF/Pacer system on February 4, 2011.

**EVERT WEATHERSBY HOUFF**
120 East Baltimore Street
Suite 1300
Baltimore, MD 21202
cmmaisano@ewhlaw.com
(443) 573-8500

BY: CMM7905
Clare M. Maisano, Esquire
*Attorneys for Defendant*
*The Lincoln Electric Company*