UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | ) | MDL DOCKET NO.:  MDL 875 |
| LIABILITY LITIGATION (NO. VI) | ) | TRANSFER STATE:  WISCONSIN |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF ROBERT J. DION, by its
Special Adminstrator, Christine M. Dion,

        Plaintiffs,

vs.

ANCHOR PACKING CO., et al.,

        Defendants.

Civil Action No. 2:10-CV-64681
Civil Action No. 2:10-CV-64682
Civil Action No. 2:10-CV-64683

## BRIEF IN SUPPORT OF DEFENDANT GOULDS PUMPS, INC.'S MOTION FOR SUMMARY JUDGMENT

The plaintiffs have no evidence that Robert J. Dion was injured by exposure to asbestos products designed, manufactured, sold, or otherwise distributed by Defendant Goulds Pumps, Inc. (Goulds).  Pursuant to Fed. R. Civ. P. 56(c), Goulds respectfully moves for summary judgment dismissing the claims against it with prejudice and with costs.

## BACKGROUND

The plaintiffs claim that Mr. Dion was exposed to and injured by airborne asbestos fibers during his long career as a machine operator at Ansul, Inc. (n/k/a Tyco International, Ltd.) in Marinette, Wisconsin.  (*See* Compl. ¶ 69.)  They plead causes of action in negligence and strict products liability against numerous defendants, including Goulds, a manufacturer of various commercial centrifugal and turbine pumps.  (*Id.* ¶¶ 73-81.)  They also demand punitive damages.

(*Id.* ¶¶ 87-88.)    Beyond making a general assertion that Mr. Dion "was exposed to the Defendants' asbestos products" and inhaled asbestos dust released from those products, they allege no specific facts as to how, when, where, or for how long Mr. Dion came in contact with an asbestos-containing product that is connected in any way to Goulds.  (*See id.* ¶ 69.)

The plaintiffs have not produced or elicited evidence of such facts in discovery.  In fact, the plaintiffs have not provided any information to substantiate their claims against Goulds.  On October 20, 2009, Goulds served the plaintiffs with interrogatories and document requests that required the plaintiffs to state the basis for their allegations.  (*See* Larsen Aff. Ex. 1.)  Among other things, the plaintiffs were asked to "state with particularity each and every fact substantiating your allegation that Mr. Dion was exposed to or used any asbestos-containing products that were distributed or sold by Goulds Pumps."  (*Id.* Ex. 1 at Interrog. No. 3.)  Their answer was to include a description of all Goulds products that Mr. Dion was allegedly exposed to; the location, date, nature, frequency, and duration of such exposure; and the identity of Mr. Dion's employer at each exposure.  (*See id.* Ex. 1 at Interrog. No. 3 and Interrog. No. 4.)

The plaintiffs have never responded to these or any other discovery requests served on them by Goulds.  On January 6, 2010, counsel for Goulds sent a letter to plaintiffs' counsel requesting an immediate response to the October 20, 2009 discovery.  (*Id.* Ex. 2.)  Plaintiffs' counsel wrote back on January 11, 2010, assuring defense counsel that the answers were "in progress" and would be served "very shortly."  (*Id.* Ex. 3.)

Despite these assurances, Goulds did not receive anything from the plaintiffs for nearly a year.  Defense counsel again wrote to plaintiffs' counsel and demanded an immediate response to the outstanding interrogatories and document requests before the close of discovery on December 7, 2010.  (*Id.* Ex. 4.)  The letter (like the written discovery) went unanswered.

16478325v1 0905512 06082

The only information the plaintiffs have provided to Goulds is contained in their Rule 26(a)(1) initial disclosures and expert witness reports.  Unfortunately, the disclosures and expert reports shed little, if any, light on the claims against Goulds.

The plaintiffs' Rule 26(a)(1) disclosures, dated August 5, 2010, include lists of 163 exhibits and 15 depositions that are purportedly related to Goulds.  (*See id.* Ex. 5; Ex. 6.)  The plaintiffs offer no information as to how any of those exhibits (which appear to be mostly general publications related to industrial hygiene or Goulds products) or depositions (taken in different cases coast-to-coast since 1991) establish that Mr. Dion was exposed to Goulds products in this particular case.  (*See id.*)

The plaintiffs' experts' reports are similarly unhelpful.  James R. Millette, Ph.D., the plaintiffs' toxicologist, notes that Mr. Dion "was exposed to asbestos-containing gaskets, packing, and grinding wheels" at Tyco International between 1952 and 1989.  (*Id.* Ex. 7 at 1.) The plaintiffs' pathologist, Jerrold A. Abraham, M.D., added that Mr. Dion was exposed to asbestos aboard unidentified U.S. Navy ships between 1946 and 1949.  (*Id.* Ex. 8 at sec. V.) These statements fall well short of connecting a Goulds product to any of the alleged exposures.

## ARGUMENT

The plaintiffs simply cannot prove either their negligence or their strict products liability claims against Goulds.  They have not met their burden to produce evidence sufficient to justify the continuation of the lawsuit against Goulds, and their claims should be dismissed.

## I.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure applies to personal injury cases, based on 402A strict liability in tort and negligence.  ***Robertson v. Allied Signal, Inc.,*** 914 F.2d 360 (3d Cir. Penn. 1990) (review of summary judgment granted in a personal injury asbestos suit); ***Celotex Corp. v. Catrett***, 477 US 317 (1986) (summary judgment granted in personal injury

asbestos suit.)   Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).   A motion for summary judgment tests whether there exists a genuine issue of material fact requiring trial.   *Id.*; ***Cont'l Ins. v. Bodie***, 682 F.2d 436, 438 (3d Cir. 1982).   An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.   ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).   Where a party opposes a summary judgment motion, it may not merely restate its allegations, or rely on self-serving conclusions, it must go beyond the pleadings and offer concrete evidence in the record which supports each essential element of its claim, and failing to do so, will suffer summary judgment as a matter of law against it.   ***Celotex Corp.***, 477 U.S. at 322-23.   If the court cannot identify any issue of material fact left to be tried, it is appropriate to enter summary judgment. ***Robertson***, 914 F.2d at 360.

## II.   NO GENUINE ISSUE OF MATERIAL FACT EXISTS TO SUPPORT THE PLAINTIFFS' CLAIMS AGAINST GOULDS.

The plaintiffs suffer from a complete failure of proof in the present case.   They have no evidence to show that an asbestos-containing product designed, distributed, or disturbed by Goulds caused the alleged injuries.   The absence of any facts connecting Goulds to Mr. Dion's alleged exposure to asbestos products leaves the plaintiffs' claims against Goulds without support, and those claims should be dismissed.

Under Wisconsin law, causation is an essential element of both claims for strict products liability and for negligence.   *See **Haase v. Badger Mining Corp**.*, 274 Wis. 2d 143, 682 N.W.2d 389 (stating that, to prove a strict liability claim, a plaintiff must establish that an alleged defect was a cause of the plaintiff's injuries or damages); ***Thomas v. Mallett***, 285 Wis. 2d 236, 701

4

N.W.2d 523 (explaining that, for negligence purposes, a plaintiff must prove that an alleged defective product caused injuries).   In asbestos cases, Wisconsin courts decide issues of causation based on the totality of the circumstances surrounding the alleged exposure to asbestos. *Zielinski v. A.P. Green Indus.*, 263 Wis. 2d 294, 661 N.W.2d 491 (Wis. App. 2003).   In doing so, courts must determine whether a particular defendant's asbestos product was a "substantial factor" in contributing to the alleged injuries.   *Id.*   A product is a "substantial factor" when it has "such an effect in producing the harm as to lead a reasonable person to regard it as a cause."   *Id.*

Where plaintiff is unable to establish that the defendant was a significant factor in causing plaintiff's injury, summary judgment is appropriate.   In *Lee v. John Crane, Inc.*, Case No. 90-C-845-C, 2003 WL 23218095 (W.D. Wis. March 19, 2003), the court granted summary judgment under Wisconsin law where the plaintiff failed to produce evidence showing that defendant's product caused plaintiff's alleged injury.   The only evidence produced indicated that the plaintiff worked around defendant's packing which was covered in graphite but did not produce dust.   *Id.* at *1.   The court found that plaintiff did not produce any evidence that "defendant's product produced any dust that could have contributed to a case of asbestosis," and thus plaintiff did not sufficiently prove causation.   *Id.* at *2.   Similarly, in *D'Amico v. Garlock Sealing Technologies LLC*, Case No. 92-5544, 2007 WL 2702774 at *7 (E.D. Penn. Sept. 13, 2007), summary judgment was granted under Pennsylvania law where evidence established that the decedent's co-workers were familiar with the defendant's products and witnessed the products at their worksite, but were unable to show that the decedent worked with defendant's asbestos-containing products.

In the present case, the plaintiffs cannot even prove that Mr. Dion was exposed to an asbestos-containing product manufactured, designed, sold, or otherwise distributed by Goulds,

let alone that such a product was a substantial factor in causing the alleged injuries.  As described above, the plaintiffs have not answered discovery requests that required them to state how, when, where, and for how long Mr. Dion was allegedly exposed.  If the plaintiffs cannot answer such requests, the only reasonable conclusion is that they lack the information (and evidence) necessary to do so.  The lists of general exhibits and depositions and the statements of the plaintiffs' experts described above likewise provide no product identification.  The plaintiffs' have simply offered no evidence that any Goulds product was the source of Mr. Dion's alleged asbestos exposure and injuries.

## CONCLUSION

No genuine issue of material fact exists to support the claims against Goulds.  For the foregoing reasons, Goulds respectfully requests that its motion for summary judgment be granted and that all claims against Goulds be dismissed with prejudice and with costs.

Dated this 22nd day of March, 2011.

/s/ Brett B. Larsen
Thomas R. Schrimpf
State Bar No. 1018230
Brett B. Larsen
State Bar No. 1064355
HINSHAW & CULBERTSON LLP
Attorneys for Defendant Goulds Pumps, Inc.
100 E. Wisconsin Avenue, Suite 2600
Milwaukee, WI 53202
Phone: 414.276.6464
Fax: 414.276.9220
Email: tschrimpf@hinshawlaw.com
Email: blarsen@hinshawlaw.com

16478325v1  0905512  06082