IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) | MDL DOCKECT NO. MDL 875<br>Transfer State: Wisconsin |
| The Estate of Robert J. Dion<br>By Its Special Administrator<br>Christine M. Dion | ) ) ) ) | Civil Action No. 2:10-cv-64681<br>Civil Action No. 2:10-cv-64682<br>Civil Action No. 2:10-cv-64683 |
| Plaintiff, | ) ) | |
| Vs. | ) ) | FILED |
| Amchem Products, et al | ) ) | MAR 28 2011 |
| Defendants. | ) | MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

DEFENDANT BELL & GOSSETT, A DIVISION OF ITT CORPORATION'S
MOTION FOR SUMMARY JUDGMENT

Defendant Bell & Gossett, a division of ITT Corporation, by its undersigned attorneys, hereby move the U.S. District Court for the Eastern District of Pennsylvania, the Honorable Edwardo C. Robrino presiding, for an order pursuant to Federal Rule of Civil Procedure 56 dismissing the claims against it on the merits and with prejudice. This motion is based upon the Brief and Affidavit of counsel, attached hereto and incorporated herein by reference, together with all the pleadings and papers on file with the court.

Dated at Waukesha, Wisconsin, this 23rd day of March, 2011.

                NELSON, CONNELL, CONRAD,
                TALLMADGE & SLEIN, S.C.
                Attorneys for Defendant Bell & Gossett, a
                division of ITT Corporation

BY: _____
CHRISTOPHER J. CONRAD
State Bar No.: 1011743

**P.O. ADDRESS**
N14 W23755 Stone Ridge Drive, Suite 150
P.O. Box 1109
Waukesha, WI 53187-1109
Telephone: 262-347-0303
Fax: 262-347-0606

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) | MDL DOCKECT NO. MDL 875 Transfer State: Wisconsin |
| The Estate of Robert J. Dion By Its Special Administrator Christine M. Dion Plaintiff, Vs. Amchem Products, et al Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:10-cv-64681 Civil Action No. 2:10-cv-64682 Civil Action No. 2:10-cv-64683 FILED MAR 28 2011 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |

BELL & GOSSETT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This cases arises out of claims that the plaintiff, Robert J. Dion, developed mesothelioma due to his exposure to asbestos fibers. Amongst other defendants plaintiff sued Bell & Gossett, a division of ITT Corporation. However, plaintiff has failed to produce any evidence that he was exposed to any Bell & Gossett product, much less asbestos that emanated from a Bell & Gossett product, and summary judgment in favor of Bell & Gossett, dismissing the plaintiff's claims against them, is therefore appropriately granted by this court.

## FACTS

Plaintiff claims to have worked as a machine operator in Marinette, Wisconsin, from 1953 to 1989. Complaint, Para. 69 -71. Numerous allegations are found in plaintiff's Complaint with respect to asbestos exposure, however, none of those

1

allegations are specific to any particular defendant. General allegations are found in Paragraph 74 of the plaintiff's Complaint, which essentially allege that the defendants, as a group, either "mined, manufactured, developed, tested, marketed, packaged, relabeled, sold and distributed so as to be defective and unreasonably dangerous to users" products containing asbestos.

On November 30, 2009, Bell & Gossett served upon plaintiff their First Set of Interrogatories and Request for Production of Documents. Conrad Affidavit, Ex. A. These interrogatories asked plaintiff to provide information specifically identifying what Bell & Gossett products the plaintiff worked with, where this work took place, and the factual basis for plaintiff's claims that as a result of working on or near these Bell & Gossett products plaintiff was exposed to asbestos fiber. To date, as with many other defendants in this action, plaintiff has failed to provide substantive responses identifying any asbestos exposure. Conrad Affidavit, Para. 3. Mr. Dion has since passed, and no witnesses have been identified or produced by plaintiff to provide information with respect to the allegations of exposure found in the complaint.

## ARGUMENT

Summary judgment is appropriate when plaintiffs lack evidence that would allow a reasonable jury to rule in their favor on every essential element of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-3 (1986). Under Wisconsin substantive law, summary judgment is appropriate if the plaintiff is unable to link a defendant's product to the claimed injury. In short, a plaintiff has to demonstrate that a defendant's product lead to the injury the plaintiff claims. *Rogers v. AAA Wire Products, Inc.*, 182 Wis.2d 263, 270, 513 N.W.2d 643, 645 (Ct.App. 1994). "A mere possibility of . . . causation is not

2

enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Merco Distrib Corp v. The Commercial Police Alarm Company*, 84 Wis.2d 455, 460, 267 N.W.2d 652, 655 (1978). (Other citations omitted). When dealing with claims alleging exposure to asbestos, a court must decide whether or not a plaintiff's exposure to a defendant's products is only a possibility, or whether the plaintiff has presented sufficient credible evidence from which a reasonable person could infer that the plaintiff was actually exposed to an identified defendant's products. *Zielinski v. AP Green Industries, Inc.*, 2003 WI App 85, para. 16.

Plaintiff has failed to identify exposure or witnesses who will testify to his exposure to Bell & Gossett products. The argument before this court is brief and direct, because the fundamental elements of the claim that the plaintiff must prove have not been provided. Since the plaintiff is completely lacking in any evidence even linking the plaintiff's claimed injuries to a product related to the defendant, summary judgment is appropriately granted by this court dismissing Bell & Gossett.

## CONCLUSION

For the reasons set forth above, this court should grant defendant's, Bell & Gossett Company, a division of ITT Industries, motion for summary judgment, dismissing the plaintiff's claims on their merits.

Dated at Waukesha, Wisconsin, this 23rd day of March, 2011.

> NELSON, CONNELL, CONRAD,
> TALLMADGE & SLEIN, S.C.
> Attorneys for Defendant Bell & Gossett, a
> division of ITT Industries

BY: _____
CHRISTOPHER J. CONRAD
State Bar No.: 1011743

**P.O. ADDRESS**
N14 W23755 Stone Ridge Drive, Suite 150
P.O. Box 1109
Waukesha, WI 53187-1109
Telephone: 262-347-0303
Fax: 262-347-0606

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | MDL DOCKECT NO. MDL 875 |
| LIABILITY LITIGATION (NO. VI) | ) | Transfer State: Wisconsin |

| | | |
|---|---|---|
| The Estate of Robert J. Dion | ) | Civil Action No. 2:10-cv-64681 |
| By Its Special Administrator | ) | Civil Action No. 2:10-cv-64682 |
| Christine M. Dion | ) | Civil Action No. 2:10-cv-64683 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | FILED |
| | ) | |
| Amchem Products, et al | ) | MAR 28 2011 |
| | ) | |
| | ) | MICHAEL E. KUNZ, Clerk |
| Defendants. | ) | By_____ Dep. Clerk |

AFFIDAVIT OF CHRISTOPHER J. CONRAD

STATE OF WISCONSIN )
                        ) ss.
COUNTY OF WAUKESHA)

Christopher J. Conrad, being first duly sworn on oath, hereby swears as follows:

1. I am one of the attorneys for the defendant, Bell & Gossett, a division of ITT Corporation, in the above-captioned matter, and am authorized to make this Affidavit on its behalf.

2. Attached hereto as Exhibit A is a true and correct copy of Defendant's Interrogatories and Request for Production of Documents forwarded to plaintiff's counsel via U.S. Mail on November 30, 2009.

3. As of the date of this Affidavit, defendants have not received any response to

their Interrogatories, or any information identifying for them any link or correlation between the plaintiff's claimed injuries, and any product developed, manufactured, sold, or distributed by Bell & Gossett, a division of ITT Corporation.

Dated this 23rd day of March, 2011.

                        NELSON, CONNELL, CONRAD,
                        TALLMADGE & SLEIN, S.C.
                        Attorneys for Defendant Bell & Gossett, a
                        division of ITT Corporation

BY: _____
      CHRISTOPHER J. CONRAD
      State Bar No.: 1011743

Subscribed and sworn to before me
this 23rd day of March, 2011.

_____
Notary Public, State of Wisconsin
My Commission: 9/30/12

**P.O. ADDRESS**
N14 W23755 Stone Ridge Drive, Suite 150
P.O. Box 1109
Waukesha, WI 53187-1109
Telephone: 262-347-0303
Fax: 262-347-0606

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **MILWAUKEE COUNTY** |

THE ESTATE OF ROBERT J. DION,

    Plaintiff

Case No. 09-CV-12242

v.

ANCHOR PACKING COMPANY, INC.,
A.P. GREEN INDUSTRIES, INC.,
ARGO PACKING CO.,
AURORA PUMPS, A.W. CHESTERTON,
BELL and GOSSET, a subsidiary of ITT Corporation,
BUFFALO PUMPS, INC.,
CARBORUNDUM COMPANY,
CERTAINTEED CORPORATION, CRANE CO.,
CRANE PUMPS & SYSTEMS,
CRANE VALVES, CROWN HOLDINGS, INC.,
DE LAVAL SEPARATOR COMPANY,
DEMING PUMPS, ELLIOTT COMPANY,
ERICSSON, INC., FMC TECHNOLOGIES, INC.,
FLOWSERVE CORPORATION, FOSTER WHEELER
CORPORATION, GARDNER DENVER, INC.,
GARLOCK SEAL & TECHNOLOGIES,
GENERAL ELECTRIC, GENERAL MOTORS
CORPORATION, GEORGIA PACIFIC, LLC,
GROVE REGULATOR COMPANY,
GOULDS PUMPS, INC.,
HAMMOND VALVE CO., a/k/a MILWAUKEE
VALVE COMPANY, IMO INDUSTRIES, INC.,
INVENSYS CONTROLS, JOHN CRANE PACKING,
KEELER/DORR-OLIVER BOILDER COMPANY,
KIELEY AND MUELLER, INC.,
LESLIE CONTROLS, INC., LINCOLN ELECTRIC,
METROPOLITAN LIFE INSURANCE COMPANY,
MURRAY BOILDER COMPANY,
NASH ENGINEERING CO., NORTHERN ORDANCE, INC,
OWENS-ILLINOIS, INC., PACIFIC PUMP COMPANY,
SEPCO COMPANY, STOCKHAM VALVES,
STRAHMAN VALVES, INC., SINGER COMPANY,
THE SWARTWOUT COMPANY,
THRUSH COMPANY, INC., TYCO FLOW CONTROL,



EXHIBIT A

UNION CARBIDE CORPORATION,
VIAD CORPORATION, VIKING PUMP, INC.,
WARREN PUMPS, LLC., WESTINGHOUSE ELECTRIC CORP,
WILLIAM POWELL COMPANY, YARWAY CORPORATION,
ABC CORPORATION, DEF CORPORATION, GHI CORPORATION,
JKL CORPORATION, MNO CORPORATION, PQR CORPORATION,
STU CORPORATION, VWX CORPORATION, YZ CORPORATION
And AAA CORPORATION.

            Defendants.

## DEFENDANT, BELL AND GOSSETT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

To:    Estate of Robert J. Dion
        c/o Mr. Ronald G. Tays
        Tays Law Office
        812 East State Street
        Milwaukee, WI 53202

NOW COMES defendant Bell and Gossett a subsidiary of ITT Corporation, by their attorneys, Nelson, Connell, Conrad, Tallmadge & Slein, S.C., and pursuant to the provisions of Sec. 804.08, Wis. Stats., require that the plaintiff, Estate of Robert J. Dion, answer the following interrogatories, in writing and under oath, within thirty (30) days from the date of service hereof, pursuant to Sec. 804.08, Wis. Stats:

### DEFINITIONS

"Products" referred to herein includes any all products for which you allege ITT Corporation may be legally responsible in this action, including, but not limited to, products manufactured, sold or distributed under the names "Bell & Gosset", "Marlow Pumps" or "Gould Pumps".

"ITT Corporation", as used herein, refers to any entity for which you claim ITT Corporation may have responsibility for plaintiff's claimed asbestos exposures

## INTERROGATORIES

**INTERROGATORY NO. 1**: Please state your full name, date of birth, social security number and place of birth.

**INTERROGATORY NO. 2**: State whether you contend that you were ever exposed to asbestos or an asbestos-containing product manufactured, sold or distributed by, or in the possession of, ITT Corporation, and if so, please state:

    a.    The date or dates upon which you contend you were exposed;

    b.    The place, including city, street, and state where you contend you were exposed;

    c.    A detailed description of the product, including any packaging containing that product, to which you contend you were exposed; and

    d.    Each and every witness who has any knowledge regarding the exposure of you to any asbestos-containing product manufactured, sold, distributed or possessed by ITT Corporation.

**INTERROGATORY NO. 3**: Identify each and every employer of Robert Dion over the last forty (40) years, including, but not limited to:

    a.    Employer's name and address;

    b.    Nature of employer's business;

    c.    Periods of employment;

    d.    Specific job title and responsibility;

    e.    Union affiliation;

    f.    Rate of pay.

**INTERROGATORY NO. 4**: Identify any and all jobs and/or projects on which you contend that you worked with or around asbestos containing products, stating specifically as to each job the following:

    a. The name and address of each jobsite, including the dates of exposure.

    b. Specific job duties.

    c. Whether or not a respirator, other mask, or coverall was worn on the particular job.

    d. Name, address and phone number of each co-employee and supervisor at each particular jobsite.

    e. Identification of any asbestos containing product you believe you were exposed to at each particular jobsite.

**INTERROGATORY NO. 5**: For each asbestos containing product that you were exposed to that you contend was manufactured by ITT Corporation, name, as precisely as possible, each and every product.

**INTERROGATORY NO. 6**: For each product identified in Interrogatory No. 5, above, state the following:

    a. The name and address of any witness who may identify the name or logo on the product or on any containers;

    b. Each and every other fact upon which you base your contention that the product was manufactured, sold, distributed or supplied by ITT Corporation; and

    c. Each and every fact upon which you base your contention that the aforementioned product or products contained asbestos materials.

**INTERROGATORY NO. 7**: For each product of ITT Corporation, listed above, state how often and in which manner you came into contact with the product.

**INTERROGATORY NO. 8**: Identify the names and address of any and all hospitals, medical facilities, or other healthcare providers that have custody or control over any

medical records detailing, describing, or otherwise referencing medical care or treatment provided to the plaintiff, including the date of any such treatment, and a summary of the treatment provided.

**INTERROGATORY NO. 9**: If you have ever smoked any cigarette, pipe, or other tobacco product, identify any such product including dates and frequency of use.

**INTERROGATORY NO. 10**: Identify and describe in detail how, when and where you first became aware of or learned of any potential health hazard associated with the use of or exposure to asbestos.

**INTERROGATORY NO. 11**: For each period of employment during which you claim you were exposed to asbestos or asbestos containing products, provide the following information:

    a. Whether or not the employer provided any type of safety equipment or devices to limit or prevent exposure, and if so, identify any said devices;

    b. Did the employer suggest, encourage or require the use of any safety equipment or devices;

    c. Did the employer provide any type of physical examination for any employee;

    d. Did the employer provide any type of safety rules or regulations or procedures for the handling of asbestos or hazardous type materials.

    e. Did the employer provide any recommendations for reducing or otherwise limiting exposure to dust in the workplace.

**INTERROGATORY NO. 12**: Please identify and describe in detail each and every factual basis for your claim of entitlement to punitive damages against ITT Corporation.

**INTERROGATORY NO. 13**: Have you or any of your supervisors, co-workers or family members ever been deposed in any action alleging exposure to asbestos or any asbestos containing product.

**INTERROGATORY NO. 14:** If the answer to the foregoing interrogatory is "yes," identify by name, address, telephone number, circuit court case number, jurisdiction and venue, each and every individual who has been deposed, and each and every action in which said depositions have been conducted.

**INTERROGATORY NO. 15:** If Robert J. Dion was ever a member of a union, identify the name of each union, the number and address of every local where you were a member, the dates which you belonged, and whether or not you were ever an officer, director or agent of the union.

**INTERROGATORY NO. 16** State whether or not any object or item, including but not limited to, x-rays, human or pathologic samples from the defendant, or any asbestos containing product allegedly on the defendant's premises, have ever been tested, analyzed, examined or inspected at your request or at the request of your attorneys. If so, identify the item, any individual or company who tested, analyzed, examined or inspected the item, what test, analysis, examination or inspection was conducted, and detail of any results.

**INTERROGATORY NO. 17:** Identify by name, address, occupation, business address, and telephone number each and every individual known to you or your attorneys that you claim has knowledge of any fact relevant to the allegations you have made against ITT Corporation, including, but not limited to, identification of the specific facts known by each person identified herein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce a copy of any documents consulted or referred to by you in answering these interrogatories.

**REQUEST NO. 2:** Please produce a signed medical authorization (attached) for any and all of your records from any healthcare provider identified in response to these interrogatories.

**REQUEST NO. 3:** Please produce a signed employment authorization (attached) for any and all of Robert Dion's employers.

**REQUEST NO. 5:** Please produce copies of any and all records, photographs, or other documentary evidence in your possession identifying describing, detailing, or otherwise summarizing any asbestos containing product you claim you were exposed to that was manufactured, sold, possessed or distributed by ITT Corporation.

**REQUEST NO. 6:** Please produce any and all documents, product, material, sample, or other thing in your possession which supports your claim to have been exposed to asbestos fibers from defendant's products and which you believe lead to any of the injuries you claim to have sustained in this action.

**REQUEST NO. 7:** Please produce any and all reports, examinations, analysis, films, studies or other documents detailing the result of any analysis, inspection, view or other test on any material or product of defendants that you claim contains asbestos.

**REQUEST NO. 8:** Produce a copy of any and all statements taken from any ITT Corporation employee in your possession.

Dated this 30th day of November, 2009.

NELSON, CONNELL, CONRAD,
TALLMADGE & SLEIN, S.C.
Attorneys for Plaintiffs

BY: _____
CHRISTOPHER J. CONRAD
State Bar No.: 1011743
Email: cjconrad@ncctslaw.com

**P.O. ADDRESS**
N14 W23755 Stone Ridge Drive, Suite 150
P.O. Box 1109
Waukesha, WI 53187-1109
Telephone: 262-347-0303
Fax: 262-347-0606

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) | MDL DOCKECT NO. MDL 875 |
| LIABILITY LITIGATION (NO. VI) ) | Transfer State: Wisconsin |

| | |
|---|---|
| The Estate of Robert J. Dion ) | Civil Action No. 2:10-cv-64681 |
| By Its Special Administrator ) | Civil Action No. 2:10-cv-64682 |
| Christine M. Dion ) | Civil Action No. 2:10-cv-64683 |
| ) | |
| Plaintiff, ) | |
| ) | FILED |
| Vs. ) | |
| ) | MAR 2 8 2011 |
| Amchem Products, et al ) | MICHAEL E. KUNZ, Clerk |
| ) | By_____ Dep. Clerk |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2011, I filed Defendant Bell & Gossett, a division of ITT Corporations, Motion for Summary Judgment, Brief in Support of its Motion for Summary Judgment, Affidavit of Christopher J. Conrad in support of its Motion for Summary Judgment and Proposed Order Granting Bell & Gossett's Motion for Summary Judgment via U.S. Mail with the Clerk of Court. I further certify that on March 23, 2011 I served each of the aforementioned documents on the parties listed below via U.S. Mail. I also note that on March 23, 2011 I made several attempts to file the aforementioned documents via the ECF system, but due to an internal server error at the Eastern District of Pennsylvania's CM/ECF domain, I was not able to do so.

NELSON, CONNELL, CONRAD,
TALLMADGE & SLEIN, S.C.
Attorneys for Defendant Bell & Gossett, a
division of ITT Corporation

BY: _____
CHRISTOPHER J. CONRAD
State Bar No.: 1011743

1

**P.O. ADDRESS**
N14 W23755 Stone Ridge Drive, Suite 150
P.O. Box 1109
Waukesha, WI 53187-1109
Telephone: 262-347-0303
Fax: 262-347-0606

## SERVICE LIST

| | |
|---|---|
| Ronald G. Tays<br>Tays Law Offices<br>812 E. State Street<br>Milwaukee, WI 53202 | Karen M. Rheingans<br>Scott W. Henry<br>Segal, McCambridge, Singer & Mahoney<br>233 S. Wacker Drive, Suite 5500<br>Chicago, IL 60606 |
| Thomas A. Gilligan, Jr.<br>Murnane Brandt Professional Association<br>30 E. Seventh Street, Suite 3200<br>St. Paul, MN 55101-4919 | C. Todd Koebele<br>Daniel A. Haws<br>Steven J. Kirsch<br>Murnane Brandt Professional Association<br>30 E. Seventh Street, Suite 3200<br>St. Paul, MN 55101-4919 |
| Mike Denning<br>Heyl, Royster, Voelker & Allen<br>120 W. State Street<br>P.O. Box 1288<br>Rockford, IL 61105-1288 | John E. Frederickson<br>Kravit, Hovel & Krawczyk, S.C.<br>825 N. Jefferson Street, 5th Floor<br>Milwaukee, WI 53202-3721 |
| Josh Johanningmeier<br>Karen Waple<br>Andrew Oettinger<br>Godfrey & Kahn, S.C.<br>P.O. Box 2719<br>Madison, WI 53701-2719 | Daniel S. Elger<br>Gass, Weber, Mullins, LLC<br>309 N. Water Street, Sutie 500<br>Milwaukee, WI 53202 |
| Mark Des Rochers<br>DesRochers Law Offices LLC<br>2800 E. Enterprise Avenue<br>Appleton, WI 54913 | Steven W. Celba<br>Celba LLC<br>225 E. Mason Street, 5th Floor<br>Milwaukee, WI 53202 |
| Christopher P. Banaszak<br>Nora E. Gierke<br>Reinhart, Boerner, Van Deuren<br>1000 N. Water Street, Suite 2100<br>Milwaukee, WI 53202 | Michael W. Drumke<br>Hepler Broom LLC<br>150 N. Wacker Drive, Suite 3100<br>Chicago, IL 60606 |

| | |
|---|---|
| Thomas R. Schrimpf<br>Hinshaw & Culbertson LLP<br>100 E. Wisconsin Avenue, Suite 2600<br>Milwaukee, WI 53202-4115 | Kyle Mansfield<br>Foley & Mansfield<br>250 Marquette Avenue, Suite 1200<br>Minneapolis, MN 55401 |
| Daniel G. Jardine<br>Jardine Law Offices, LLC<br>119 S. Main Street<br>DeForest, WI 53532 | William P. Croke<br>Von Briesen & Roper, S.C.<br>P.O. Box 3262<br>Milwaukee, WI 53202 |
| John J. Laffey<br>Michael D. Rosenberg<br>Whyte Hirschboeck Dudek, S.C.<br>555 E. Wells Street, Suite 1900<br>Milwaukee, WI 53202 | Frederick J. Strampe<br>Borgelt, Powell, Peterson & Frauen, S.C.<br>735 N. Water Street, Suite 1500<br>Milwaukee, WI 53202-4188 |
| Timothy E. Corriston<br>Connell Foley LLP<br>85 Livingston Avenue<br>Roseland, NJ 07068 | Trevor J. Will<br>Daniel A. Manna<br>Foley & Lardner LLP<br>777 E. Wisconsin Avenue<br>Milwaukee, WI 53202-5306 |
| Joshua D. Lee<br>David T. Morris<br>Schiff Hardin, LLP<br>233 S. Wacker Drive<br>Chicago, IL 60606-6473 | |