## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS             )      **MDL DOCKET NO.:  MDL 875**
LIABILITY LITIGATION (No. VI)        )      **Transfer State:  Wisconsin**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

---

The Estate of Robert J. Dion By Its       )       Civil Action No. 2:10-cv-64681
Special Administrator Christine M. Dion,   )
                                           )
     Plaintiff,      )
                                           )
vs.                                        )
                                           )
Amchem Products, *et al.*,                 )
                                           )
     Defendants.     )

---

## ORDER GRANTING DEFENDANT CERTAINTEED CORPORATION'S MOTION FOR SUMMARY JUDGMENT

---

This _____ day of _____, 2011, upon consideration of

Defendant CertainTeed Corporation's Motion for Summary Judgment and supporting materials,

it is hereby ORDERED that said motion IS GRANTED, and summary judgment is hereby

entered in favor of Defendant CertainTeed Corporation and all claims and cross-claims against

CertainTeed Corporation are dismissed with prejudice.


BY THE COURT:


_____
Hon. Eduardo C. Robreno
United States District Court Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS    )    **MDL DOCKET NO.:  MDL 875**
LIABILITY LITIGATION (No. VI)   )    **Transfer State:  Wisconsin**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

---

The Estate of Robert J. Dion By Its    )    Civil Action No. 2:10-cv-64681
Special Administrator Christine M. Dion,  )
                  )
    Plaintiff,        )
                  )
vs.                 )    **FILED**
                  )    MAR 2 8 2011
Amchem Products, *et al.*,    )
                  )    MICHAEL E. KUNZ, Clerk
    Defendants.      )    By_____ Dep. Clerk

---

## DEFENDANT CERTAINTEED CORPORATION'S MOTION FOR SUMMARY JUDGMENT

---

Defendant CertainTeed Corporation, by its undersigned attorneys, hereby moves the United States District Court for the Eastern District of Pennsylvania, the Honorable Eduardo C. Robreno presiding, for an order pursuant to Federal Rule of Civil Procedure 56 dismissing the claims against it on the merits and with prejudice. The grounds for this motion, as set forth in greater detail in the accompanying brief, are that discovery is closed and Plaintiff has not responded to properly-served interrogatories, identified or deposed any fact witnesses, or otherwise produced any evidence that decedent Robert J. Dion was exposed to respirable asbestos fibers from a product designed, manufactured, marketed, or sold by CertainTeed Corporation.

WHEREFORE, for the reasons stated above and in CertainTeed Corporation's supporting papers filed herewith, Defendant CertainTeed Corporation respectfully requests that the Court enter summary judgment in its favor and against Plaintiff on all Counts against CertainTeed Corporation.

Dated this 22nd day of March, 2011.

**FOLEY & LARDNER LLP**
Attorneys for Defendant CertainTeed Corporation

By: _____
Trevor J. Will (WBN 1008725)
Daniel A. Manna (WBN 1071827)
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
(414) 271-2400
(414) 297-4900 (fax)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS    )    **MDL DOCKET NO.: MDL 875**
LIABILITY LITIGATION (No. VI)   )    **Transfer State: Wisconsin**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| The Estate of Robert J. Dion By Its )<br>Special Administrator Christine M. Dion, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Amchem Products, *et al.*, )<br>)<br>    Defendants. ) | Civil Action No. 2:10-cv-64681<br><br>**FILED**<br>MAR 2 8 2011<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

---

## DEFENDANT CERTAINTEED CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

## INTRODUCTION

Plaintiff alleges that Robert Dion developed mesothelioma due to exposure to asbestos. Plaintiff sued CertainTeed Corporation ("CertainTeed") on the grounds that Mr. Dion inhaled asbestos fibers released from a CertainTeed product. However, Plaintiff cannot establish that Mr. Dion was exposed to asbestos from any CertainTeed product. Thus, CertainTeed is entitled to summary judgment dismissing all of Plaintiff's claims with prejudice.

## FACTS

Plaintiff alleges that Robert Dion developed mesothelioma as a result of exposure to asbestos products during his career as machine operator in Marinette, Wisconsin from 1953 to 1989. (Compl. ¶¶ 69-71.) Plaintiff makes no allegations specific to CertainTeed, but alleges in

general terms that each Defendant's "asbestos products were mined, manufactured, developed, tested, marketed, packaged, relabeled, sold and distributed so as to be defective and unreasonably dangerous to users." (Compl. ¶ 74.)

However, Plaintiff has no evidence that Mr. Dion ever worked with or around a product designed, manufactured, marketed, or sold by CertainTeed.  Mr. Dion died before he could be deposed, and Plaintiff has not identified any other witness who can testify as to what products Mr. Dion worked with or around. CertainTeed served discovery requests on Plaintiff on October 29, 2009 requesting detailed information about Mr. Dion's alleged exposure. (*See* Manna Aff. ¶ 3, Ex. A.) In these requests, CertainTeed asked Plaintiff to provide identifying information and locations of exposure for each and every asbestos-containing product that she contends Mr. Dion worked with or around. (*Id.*) CertainTeed also requested the names, locations, employers, co-workers, and products associated with each site at which Plaintiff contends that Mr. Dion was exposed to asbestos. (*Id.*) Plaintiff never responded to these discovery requests. (Manna Aff. ¶ 4.) Pursuant to the Court's August 9, 2010 Order, all discovery was to be completed by December 7, 2010. (Aug. 9, 2010 Order, Doc. No. 8.) Plaintiff has neither deposed any witnesses nor provided written discovery responses, either to standard interrogatories or to CertainTeed's interrogatories, that identify any other potential fact witness. (Manna Aff. ¶ 4.) Accordingly, Plaintiff has no evidence to support her claim that Mr. Dion was exposed to respirable asbestos from a CertainTeed product.

## ARGUMENT

Summary judgment is appropriate in those cases in which the plaintiffs have no evidence from which a reasonable jury could find in their favor on every essential element of their claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (an asbestos case).

When, as here, the nonmoving party has the burden of persuasion at trial, the moving party need only demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.* Plaintiff cannot meet her burden in this case: she has produced no evidence that Mr. Dion was ever exposed to respirable asbestos from a CertainTeed product, nor has she identified witnesses who might provide such evidence.

The Court has jurisdiction over this matter by dint of diversity of citizenship pursuant to 28 U.S.C. § 1332. Because this is a diversity case, state substantive law supplies the rule of decision under the principles of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). When a diversity case is transferred by the multidistrict litigation panel, the choice-of-law rule applied is that of the jurisdiction from which the case was transferred. *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010) (citing cases). This case was transferred from the Eastern District of Wisconsin, so Wisconsin choice-of-law rules apply. The primary consideration in Wisconsin choice of law rules is which forum has the most significant contacts with the subject matter of the case. *See State Farm Mutual Automobile Ins. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662. The only workplace at which Plaintiff alleges that Mr. Dion was exposed to asbestos is in Marinette, Wisconsin, (Compl. ¶ 69), and Plaintiff resides in Wisconsin. No other notable contacts exist, so Wisconsin substantive law applies.

To avoid summary judgment in this case, Plaintiff must establish that asbestos from a CertainTeed product was a cause of Mr. Dion's injuries. *Dippel v. Sciano*, 37 Wis. 2d 443, 460, 155 N.W.2d 55, 63 (1967); *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132,

135 (1976). The test for "cause" in both strict liability and negligence cases is whether the defect was a substantial factor in producing the injury. *Sumnicht v. Toyota Motor Sales, U.S.A., Inc.*, 121 Wis. 2d 338, 351, 360 N.W.2d 2, 7 (1984); *Johnson v. Misericordia Cmty. Hosp.*, 97 Wis. 2d 521, 560, 294 N.W.2d 501, 520-21 (Ct. App. 1980), *aff'd*, 99 Wis. 2d 708, 301 N.W.2d 156 (1981); *Fondell v. Lucky Stores, Inc.*, 85 Wis. 2d 220, 227, 270 N.W.2d 205, 209-10 (1978).

Summary judgment is appropriate if the plaintiff is unable to specifically identify a defendant's product as being a cause of the alleged injury. *See Rogers v. AAA Wire Prods., Inc.*, 182 Wis. 2d 263, 270, 513 N.W.2d 643, 645 (Ct. App. 1994). "'A mere possibility of . . . causation is not enough; and when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.'" *Merco Distrib. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 460, 267 N.W.2d 652, 655 (1978) (quoting Prosser and Keeton, *Law of Torts* 241 (4th ed. 1971)). In an asbestos case, a court must decide "whether [a plaintiff's] exposure to [a defendant's] products . . . is a mere possibility, or whether the plaintiffs presented credible evidence from which a reasonable person could infer that [the plaintiff] was exposed to [the defendant's] products." *Zielinksi v. A.P. Green Indus., Inc.*, 2003 WI App 85, ¶ 16, 263 Wis. 2d 294, 661 N.W.2d 491.

In this case, there is no evidence from which a reasonable person could infer that Mr. Dion was ever exposed to any asbestos emanating from a product that CertainTeed designed, manufactured, marketed, or sold. Plaintiff has had an opportunity to disclose potential witnesses or other evidence to satisfy her burden, but Plaintiff has not responded to CertainTeed's discovery, has not made any initial disclosures, and has not identified or deposed any witnesses. Discovery in this matter closed on December 7, 2010, so Plaintiff's time to present new evidence

has long passed. Therefore, Plaintiff cannot meet her burden of establishing that exposure to respirable asbestos from any CertainTeed product was a cause of Mr. Dion's injuries. CertainTeed is thus entitled to summary judgment.

Finally, Plaintiff has offered no evidence that CertainTeed acted maliciously or "in intentional disregard of the rights" of Mr. Dion in order to justify imposing punitive damages in this case. (Compl. ¶ 88); Wis. Stat. § 895.043(3). Punitive damages "serve the dual purpose of punishment and deterrence," *Mucek v. Nationwide Commc'ns*, 2000 WI App 60 ¶ 40, 252 Wis. 2d 426, 643 N.W.2d 98, but Plaintiff has offered no evidence supporting her claim that CertainTeed engaged in behavior justifying these special damages. Therefore, this Court should grant summary judgment for CertainTeed on the punitive damages issue, even if it declines to dismiss the entire action against it.

## CONCLUSION

Plaintiff has no evidence that Mr. Dion was ever exposed to asbestos from a product designed, manufactured, marketed, or sold by CertainTeed. Therefore, CertainTeed is entitled to summary judgment dismissing this entire action against it with prejudice. Alternatively, this Court should grant CertainTeed partial summary judgment and dismiss the punitive damages claim against it because Plaintiff has offered no evidence that CertainTeed acted maliciously or with intentional disregard for Mr. Dion's rights.

Dated this 22nd day of March, 2011.

**FOLEY & LARDNER LLP**
Attorneys for Defendant CertainTeed Corporation

By: _____
Trevor J. Will (WBN 1008725)
Daniel A. Manna (WBN 1071827)
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
(414) 271-2400
(414) 297-4900 (fax)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS    )    **MDL DOCKET NO.:  MDL 875**
LIABILITY LITIGATION (No. VI)    )    **Transfer State:  Wisconsin**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| The Estate of Robert J. Dion By Its<br>Special Administrator Christine M. Dion, | ) | Civil Action No. 2:10-cv-64681 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **FILED** |
| Amchem Products, *et al.*, | ) | |
| | ) | MAR 2 8 2011 |
| | ) | |
| Defendants. | ) | MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

### AFFIDAVIT OF DANIEL A. MANNA

STATE OF WISCONSIN    )
                     )ss.
MILWAUKEE COUNTY    )

I, Daniel A. Manna, being first duly sworn on oath, state that:

1.    I am an attorney at Foley & Lardner LLP, and one of the attorneys representing CertainTeed Corporation in this action.

2.    I am an attorney admitted to practice in the State of Wisconsin.  I am currently in good standing with the State Bar of Wisconsin.  I am also admitted to practice in the Federal District Court for the Eastern District of Wisconsin and the Federal District Court for the Western District of Wisconsin and in good standing with both courts.

3.    On October 29, 2009 I sent to Plaintiff's counsel Ronald G. Tays, via U.S. Mail, Defendants CertainTeed Corporation and Union Carbide Corporation's First Set of

Interrogatories to be Answered by Plaintiffs and Request for Production of Documents and Things. A true and correct copy of these interrogatories and requests is attached as **Exhibit A**.

4.      To date I have not received any response to the discovery requests discussed in the preceding paragraph, nor have I received answers to standard interrogatories from Plaintiff.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated this 22nd day of March, 2011.

Daniel A. Manna

Subscribed and sworn before me
This 22nd day of March, 2011.

Notary Public, State of Wisconsin
My commission

2

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
| --- | --- | --- |
| | BRANCH 08 | |

**THE ESTATE OF ROBERT J. DION,**
by its Special Administrator,
**CHRISTINE M. DION,**

               Plaintiffs,

vs.

**ANCHOR PACKING COMPANY, INC.,**
**et al.**

               Defendants.

Case No. 09-CV-012242

Case Classification Code:  30108

Hon. William Sosnay, Br. 08

---

## DEFENDANTS CERTAINTEED CORPORATION AND UNION CARBIDE CORPORATION'S FIRST SET OF INTERROGATORIES TO BE ANSWERED BY PLAINTIFFS AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

---

**NOW COME** Defendants CertainTeed Corporation and Union Carbide Corporation ("Defendants"), by their attorneys, Foley & Lardner LLP, and pursuant to §§ 804.08 and 804.09 of the Wisconsin Statutes, requests that within thirty (30) days of service Plaintiff answer the following interrogatories and produce all documents and things responsive to the following requests.  Said documents and things are to be produced at the offices of Foley & Lardner LLP, 777 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202, or at such other place upon which counsel may agree.

### DEFINITIONS

As used herein:

(A)     "You" and "your" refer to the person whose claimed injuries from exposure to asbestos constitute the basis of this claim, and to that person's spouse (if a claim by

the spouse is asserted in this action) and to all individuals or joint representatives and agents, including attorneys and special administrators.

(B)    "Address" means the present or last known street or route and number, city or town, state and zip code.

(C)    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including inter-office or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiff or Plaintiff's decedent has or has had access.

(D)    "Person" or "persons" means a natural person, firm, proprietorship, association, corporation or any other type of organization or entity.

(E)     As used herein, "relative to," "relating to," "relates to" or "relevant to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(F)     If you claim privilege as to any of the documents covered by these Interrogatories or Requests, identify the document by author, date and recipients of the original and all copies, and specify the privilege being claimed.

(G)     In construing these Interrogatories, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine or neuter pronoun shall not exclude the other genders.

(H)     "Identify" means, but is not limited to, the name, telephone number, address, last-known employer, business and residential address and relationship, if any, of the person identified; and for documents, the date originated, the subject of, and the identity of the person presently having possession of any document identified.


## INTERROGATORIES

Unless otherwise indicated in a particular interrogatory, provide the requested information for the person or persons claiming personal injuries from exposure to asbestos.

**Interrogatory No. 1:**     State the full name, present address, date and place of birth, date of death (if applicable) and Social Security number for the person claiming personal injury from exposure to asbestos, and for any spouse asserting a claim in this action. If Plaintiff is not the person claiming injury from exposure to asbestos or that person's spouse, also state Plaintiff's name and address, and Plaintiff's relationship to the person claiming injury from exposure to asbestos.

**Interrogatory No. 2:**      For the person claiming personal injury from exposure to asbestos, state the date of marriage and name of each spouse or former spouse; list the names, current addresses, ages and occupations of all children, whether adopted or natural; and give the names, current addresses and occupations of all persons dependent upon you for monetary support, or receiving monetary support from you, within the last five years.

**Interrogatory No. 3.**      Were you ever in the military?  If so, give the country, the branch of the service, the years in which you served, where you served, your rank, your duties, any decorations you received, and state the conditions under which you were discharged or otherwise left the service.

**Interrogatory No. 4.**      State the specific nature of all personal injuries and/or diseases which you contend you have sustained as a result of exposure to asbestos.  This interrogatory calls for a specific answer; it is not a sufficient response to say "see the medical records."

**Interrogatory No. 5.**      State the date on which the injuries and/or diseases described in Interrogatory 4 were first diagnosed and communicated to you; state the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or diseases; and state the manner in which the diagnosis was communicated to you (whether it was written or oral), and if written, please attach a copy of that communication to your answers to these interrogatories.

**Interrogatory No. 6.**        State the names and current or last-known addresses of all physicians, doctors, specialists, clinics, hospitals and sanitariums which have examined you or have rendered service or treatment to you at any time since the age of 12 for any reason, state the date or inclusive dates on which each of them rendered you service or treatment, and describe the service or treatment provided.  (Note: this interrogatory requests a complete medical history and includes, but is not limited to, treatment for injuries allegedly caused by asbestos exposure, including any autopsy or post-mortem examination.)

**Interrogatory No. 7.**        Have you ever been told that you presently have, or in the past had, any of the following conditions:

    (a)    chronic obstructive pulmonary disease or chronic obstructive lung disease;

    (b)    emphysema;

    (c)    pneumonia;

    (d)    asthma;

    (e)    bronchitis;

    (f)    rheumatoid arthritis;

    (g)    silicosis;

    (h)    sarcoidosis;

    (i)    scleroderma or systemic sclerosis; or

    (j)    Legionnaire's disease.

If you answered yes for any of the above conditions, state who told you such, when you were told such, and what, if any, treatment you underwent.

**Interrogatory No. 8.**          After being informed that you were suffering from an injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos?  If so, state the nature and description of such activity or occupation, and the dates and locations where it occurred.

**Interrogatory No. 9.**          State whether you have filed any actions for Workmen's Compensation or any other disability benefits and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, the disposition of any such claim, and any disability rating which you have.

**Interrogatory No. 10.**          State whether you have ever filed a lawsuit (other than this action) for damages for personal injury, and if so, state the title, the court number, the reason for each lawsuit, and the disposition of each lawsuit.

**Interrogatory No. 11.**          State the dates, if any, during which you were a smoker or user of tobacco and state further the types of tobacco smoked or used and the amount consumed daily, the brand name of the tobacco smoked or used, and whether you customarily inhaled the smoke.

**Interrogatory No. 12.**          Identify in chronological order every employer for whom you have ever worked.  State separately for each such employer:

(a)     the employer's name and address;

(b)     the nature of the employer's business;

(c)     the beginning and ending dates of your employment, including all periods of employment for that employer; and

(d)     your position and job responsibilities.

**Interrogatory No. 13.**        If you contend you were exposed to asbestos while working at your trade or job, then for each site where you contend you were exposed to asbestos, give the following information:

        (a)    the name and location of the job;

        (b)    your employer on that job;

        (c)    the identity of all co-workers or personnel on the job;

        (d)    the type of asbestos products used on that site; and

        (e)    the names of any insulation contractors present on that site.

**Interrogatory No. 14.**        For each and every asbestos-containing product which you contend you worked with or around, provide, in as much detail as possible, the following information:

        (a)    the brand name, trade name, and/or manufacturer of the product;

        (b)    the dates and locations where you contend you worked with or around that product;

        (c)    whether you yourself actually used or worked with the product;

        (d)    the method used to apply, install, or use the product;

        (e)    identify all individuals upon whom you rely to establish that you were exposed to the product; and

        (f)    identify all documents upon which you rely to establish that you were exposed to the product.

**Interrogatory No. 15.**     Have you ever been exposed to asbestos other than while working at your trade or job?  If so, give the following information:

    (a)    where and when you were exposed;

    (b)    the type of asbestos product to which you were exposed;

    (c)    the brand name, trade name, and/or manufacturer of the product;

    (d)    who was using the product; and

    (e)    the method used to apply, install, or use the product.

**Interrogatory No. 16.**     Have you yourself done any welding?  If yes, state where and when you welded, what you were welding, and what type of welding you did (e.g., arc welding).

**Interrogatory No. 17.**     Describe any protective or safety devices which you used or wore when working with or around products allegedly containing asbestos, and state the date(s) when you used them and the job sites where you used them.

**Interrogatory No. 18.**     State whether you were ever a member of any union, and if so, for each union please state:

    (a)    the name and local number of the union;

    (b)    the union hall from which you worked;

    (c)    the date you joined the union;

    (d)    your sponsor in the union;

    (e)    if you ever ran for or held office in the union; and

    (f)    if you ever filed a grievance with any union.

**Interrogatory No. 19.**        State whether your labor union or employer advised you to follow certain safety procedures designed to protect you from contracting asbestos-related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos-related diseases which was provided you by any such union or employer.

**Interrogatory No. 20.**        Identify all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

**Interrogatory No. 21.**        Have you prepared, filed or submitted a claim for injury allegedly related to asbestos exposure to any bankrupt or insolvent entity?  If so, state the following:

  (a)    the entity's name;

  (b)    the date the claim was prepared, filed or submitted;

  (c)    the claim number and/or other identifying information accompanying and/or assigned to your claim;

  (d)    the status of your claim; and

  (e)    the amount of money you have received and/or have been offered in settlement of your claim, and the dates of such offers or settlement.

**Interrogatory No. 22.**        Identify each and every expert who may be called by the plaintiff to testify at trial, and state for each expert the substance of the facts and opinions to which the expert is expected to testify, give a summary of the grounds for each opinion, and identify all documents upon which the expert relies.  With regard to each expert, state whether or not the person has rendered a written report of any kind to the plaintiff or his attorneys and, if so, identify the report and state its subject matter.

**Interrogatory No. 23.**       State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written or court reported, from or by any person, including any party hereto, which has or claims to have knowledge concerning the matters alleged in the complaint, or who was or claims to have been a witness to any part of your alleged exposure to asbestos.  If so, please:

      (a)      identify the person making the statement;

      (b)      state whether the statement was written, oral, recorded, reported by shorthand, or otherwise preserved;

      (c)      give the full name and current or last known address of the person or persons, or entity, which took the statement and the date such statement was made; and

      (d)      give the full name and current or last known address of each person, firm or entity which has possession of the statement or copies thereof.

**Interrogatory No. 24.**       Were you ever convicted of any crime, including traffic violations or offenses?  If so, please state fully and in detail the date, place and nature of each such conviction.

**Interrogatory No. 25.**       If you have any of the following in your possession, or in the possession of your attorneys or agents, identify them:

      (a)      samples of asbestos materials;

      (b)      packaging from asbestos materials;

      (c)      photographs of your places of employment or products used at your places of employment; or

      (d)      photographs of asbestos products or asbestos packaging.

**Interrogatory No. 26.**      List all types or categories of damages which Plaintiff is claiming in this case, and for each type or category of damages claimed (including, without limitation, lost wages and medical expenses), provide the following:

(a)    the total dollar amount of damages claimed and the manner or method of computing same; and

(b)    a complete, itemized computation showing how that dollar amount was calculated for that type or category of damages.

**Interrogatory No. 27.**      If, as a result of the alleged illness or illnesses, injury or injuries, you claim to have sustained a loss of wages, earnings, income or profit, state:

(a)    all the dates on which you were unable to work due to the illness or illnesses, injury or injuries;

(b)    the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;

(c)    the name and address of each person who recommended that you not work during such period; and

(d)    the name of any potential employer who refused you work because of any illness or injury allegedly at issue in this case.

**Interrogatory No. 28.**      Have you settled this action (or a claim for the injuries at issue in this action) with any other person?  If so, provide the following information:

(a)    the name of the person;

(b)    the date of the settlement;

(c)    the amount of the settlement;

(d)    whether a *Pierringer* release was given; and

(e)    whether, as part of the settlement, you had to sign any paper or document stating you had been exposed to that person's asbestos products?  (If so, identify that document and produce a copy of it).

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Request No. 1.**      All documents and things identified, referred to, or incorporated in answer to any of the preceding interrogatories.

**Request No. 2.**      All documents which you or your representatives have used or referred to in answering these interrogatories.

**Request No. 3.**      All documents that refer or relate to, or mention any defendant, or that you believe were obtained, directly or indirectly, from any defendant in this action.

**Request No. 4.**      All documents and/or forms filed or submitted by you to the entities identified in your response to Interrogatory No. 21 above in connection with your claim, or contemplated claim, for any injury allegedly related to asbestos exposure.  Your response should include all supporting documentation to your claim, including correspondence, whether filed with your original claim or at any prior or subsequent time.

**Request No. 5.**      All documents and/or forms you have received from any insolvent entity in connection with your claim, or contemplated claim, for injury allegedly related to asbestos exposure.  Your response should include all supporting documentation received, including correspondence.

**Request No. 6.**      Any photographs or other representation of any asbestos-containing product (or its container or package) with which you allege you came in contact.

**Request No. 7.**      Any items identified in Interrogatory No. 25 which you have in your possession.

**Request No. 8.**      All state and federal tax returns for the years 1994 to date.

**Request No. 9.**        All of your X-rays and medical records including, without limitation, all documents that refer or relate to any medical condition, consultation with a doctor, medical examination, medical treatment for a condition, or similar subject, and all medical bills.

**Request No. 10.**        Please complete the attached Medical Records Release Authorization if you did not complete the previously sent one.

**Request No. 11.**        Any diary, journal, notes, calendar or other document showing where or when you worked.

**Request No. 12.**        Any diary, journal or other writing prepared after you were diagnosed as having an asbestos related disease which discusses the disease, its impact on you or your family, your daily activities, your or your family's feelings or similar subjects.

**Request No. 13.**        All communications to or from anyone (including, without limitation, any union, any attorneys who at the time you had not retained, and any doctor or health agency) regarding asbestos, your exposure to asbestos, a health screening to see if you had been exposed to or injured by asbestos, and/or the possibility of starting a suit for asbestos-related injuries.

**Request No. 14.**        Any and all tissue and/or pathology materials in the form of slides, blocks or otherwise, from the person whose claimed injuries from exposure to asbestos constitute the basis of this claim.

**Request No. 15.**        All reports prepared by any expert identified in response to Interrogatory No. 22.

Dated this _____ day of October, 2009.

> **FOLEY & LARDNER LLP**
> Attorneys for Defendants
> CertainTeed Corporation and
> Union Carbide Corporation
>
>
> By _____
> Trevor J. Will (WBN 1008725)
> Katherine D. Spitz (WBN 1066375)
> Daniel A. Manna (WBN 1071827)

Foley & Lardner, LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Phone (414) 271-2400
Fax (414) 297-4900
dmanna@foley.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | **MDL DOCKET NO.: MDL 875** |
| LIABILITY LITIGATION (No. VI) | ) | **Transfer State: Wisconsin** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| The Estate of Robert J. Dion By Its | ) | Civil Action No. 2:10-cv-64681 |
| Special Administrator Christine M. Dion, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FILED** |
| | ) | |
| Amchem Products *et al.*, | ) | MAR 2 8 2011 |
| | ) | |
| Defendants. | ) | MICHAEL E. KUNZ, Clerk |
| | | By_____ Dep. Clerk |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2011, I filed Defendant CertainTeed Corporation's Motion for Summary Judgment, Defendant Union Carbide Corporation's Motion for Summary Judgment, Briefs in support of each motion for summary judgment, Affidavits of Daniel A. Manna in support of each motion for summary judgment, Proposed Order Granting Defendant CertainTeed Corporation's Motion for Summary Judgment, and Proposed Order Granting Defendant Union Carbide Corporation's Motion for Summary Judgment via U.S. Mail with the Clerk of Court. I further certify that on March 22, 2011 I served each of the aforementioned documents on the parties listed below via e-mail. I also note that on March 22, 2011 I made several attempts to file the aforementioned documents via the ECF system, but due to an internal server error at the Eastern District of Pennsylvania's CM/ECF domain, I was not able to do so.

Ronald G. Tays
Tays Law Offices
812 East State Street
Milwaukee, WI 53202

Karen M. Rheingans
Scott W. Henry
Segal, McCambridge, Singer & Mahoney
Sears Tower
233 South Wacker Drive, Suite 5500
Chicago, IL 60606

Thomas A. Gilligan, Jr.
Murnane Brandt Professional
Association
30 E. Seventh St, Ste 3200
St. Paul, MN 55101-4919

C. Todd Koebele
Daniel A. Haws
Steven J. Kirsch
Murnane Brandt Professional Association
30 East Seventh Street, Suite 3200
St. Paul, MN 55101-4919

Mike Denning
Heyl, Royster, Voelker & Allen
PNC Bank Building , 2nd Flr
120 West State Street
P.O. Box 1288
Rockford, IL 61105-1288

Jon E. Frederickson
Kravit, Hovel, & Krawczyk, SC
825 N. Jefferson St., 5th Floor
Milwaukee, WI 53202-3721

Josh Johanningmeier
Karen Waple
Andrew Oettinger
Godfrey & Kahn, SC
One East Main Street, Ste 500
P.O. Box 2719
Madison, WI 53701-2719

Daniel S. Elger
Gass, Weber, Mullins, LLC
309 North Water Street, Suite 500
Milwaukee, WI 53202

Mark DesRochers
Attorney at Law, LLC
2201 Enterprise Ave., Suite 105
Appleton, WI 54913

Steven W. Celba
Celba, LLC
225 E Mason St., 5th Floor
Milwaukee, WI 53202

Christopher P. Banaszak
Nora E. Gierke
Reinhart, Boerner, Van Deuren
1000 N. Water St., Suite 2100
Milwaukee, WI 53202

Michael W. Drumke
Hepler Broom LLC
150 N. Wacker Drive, Ste. 3100
Chicago, Illinois 60606

Thomas R. Schrimpf
Hinshaw & Culbertson LLP
100 E Wisconsin Ave, Ste 2600
Milwaukee, WI 53202-4115

Kyle Mansfield
Foley & Mansfield
250 Marquette Ave., Suite 1200
Minneapolis, MN 55401

Daniel G. Jardine
Jardine Law Offices LLC

William P. Croke
Von Briesen & Roper, S.C.

2

119 S. Main St.
DeForest, WI 53532

411 E Wisconsin Ave., #700,
PO Box 3262
Milwaukee, WI 53202

John J. Laffey
Whyte Hirschboeck Dudek, S.C.
555 E. Wells St., Suite 1900
Milwaukee, WI 53202

Frederick J. Strampe
Borgelt, Powell, Peterson & Frauen, S.C.
735 N. Water Street, Suite 1500
Milwaukee, WI 53202-4188

Michael D. Rosenberg
Whyte Hirschboeck Dudek, S.C.
555 E. Wells St., Suite 1900
Milwaukee, WI 53202

Timothy E. Corriston, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068

Daniel S. Elger
Gass, Weber, Mullins, LLC
309 North Water Street, Suite 500
Milwaukee, WI 53202

Joshua D. Lee
David T, Morris
Schiff Hardin, LLP
233 S. Wacker Drive
Chicago, IL 60606-6473

Trevor J. Will (WI Bar No. 1008725)
Daniel A. Manna (WI Bar No. 1071827)
**Foley & Lardner LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.297.5536 (TJW)
414.319.7364 (DAM)
414.297.4900  Facsimile
Email:  dmanna@foley.com

MILW_11091257.1