## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | } | **MDL DOCKET NO. MDL 875** |
| LIABILITY LITIGATION (No. VI) | } | |
| | } | |
| _____ | } | |
| | } | |
| **THIS DOCUMENT RELATES TO:** | } | |

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **THE ESTATE OF ROBERT J. DION, by** | } | **E.D. Pa. No. 2:10-CV-64681-ER** |
| **its Special Administrator, CHRISTINE M.** | } | |
| **DION,** | } | |
| | } | |
| **Plaintiff,** | } | **Transferor District Court:** |
| | } | **Eastern District of Wisconsin** |
| **v.** | } | **Cause No. 09-01190** |
| | } | |
| **ANCHOR PACKING COMPANY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

### DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT

Defendant Crane Co. (also with respect to incorrectly named defendants Crane Valves, Deming Pumps, and The Swartwout Company), by and through its undersigned counsel, hereby moves for summary judgment as to all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 56. In support of this motion, Crane Co. states the following:

1.      Plaintiff originally filed a Complaint in the Circuit Court of Milwaukee County, Wisconsin on August 4, 2009, alleging that Mr. Dion developed mesothelioma as a result of exposure to asbestos-containing materials while working at Ansul, Inc. in Wisconsin from 1953 to 1989.

2.      On December 23, 2009, The William Powell Company removed this action to the United States District Court for the Eastern District of Wisconsin, and it was subsequently

transferred to the MDL 875 in the United States District Court for the Eastern District of Pennsylvania.

3.      Crane Co. previously filed a motion for summary judgment in this matter on March 22, 2011 (doc. no. 69) because there was no record evidence that Mr. Dion worked with or around a single Crane Co. product.  Plaintiff responded to that motion on April 22, 2011 (doc. no. 112) attaching affidavits from co-worker Edward Kasal arguing that Mr. Dion worked around Crane Co. pumps and valves.  Crane Co. filed a Reply on June 6, 2011 (doc. no. 125).

4.      On June 6, 2011, the Court granted, in part, Defendants' Joint Motion to Strike stating that the parties have until July 6, 2011 to depose Mr. Kasal, and motions for summary judgment should be re-filed thereafter (doc. no. 131).

5.      Mr. Kasal was deposed in this matter on June 27, 2011 and he admitted, contrary to the statements made in his affidavit, that he does not recall seeing Mr. Dion work with or around any Crane Co. products.

6.      As such, there continues to be no evidence of record that Mr. Dion worked with or around any Crane Co. product—much less an asbestos-containing product manufactured or supplied by Crane Co.

7.      Furthermore, plaintiff's claims should be dismissed because Crane Co. has no duty to warn about, and is not liable for, asbestos-containing products it neither manufactured nor supplied.

8.      Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

9.      Here, plaintiff has failed to establish a genuine issue of material fact on the issue of causation because plaintiff has failed to produce any evidence establishing that Crane Co. manufactured or supplied any asbestos-containing product to which Mr. Dion may have been exposed.  Moreover, Crane Co. cannot be held liable for products it did not make, design, or sell. Accordingly, Crane Co. is entitled to summary judgment on plaintiff's claims.

WHEREFORE, Crane Co. respectfully requests entry of summary judgment in its favor and against plaintiff and all other defendants.

Dated:    July 20, 2011                          Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T:  412-355-6500
F:  412-355-6501

Attorneys for Defendant Crane Co.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | } | **MDL DOCKET NO. MDL 875** |
| LIABILITY LITIGATION (No. VI) | } | |
| | } | |
| _____ | } | |
| | } | |
| THIS DOCUMENT RELATES TO: | } | |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| THE ESTATE OF ROBERT J. DION, by | } | **E.D. Pa. No. 2:10-CV-64681-ER** |
| its Special Administrator, CHRISTINE M. | } | |
| DION, | } | |
| | } | |
| Plaintiff, | } | **Transferor District Court:** |
| | } | **Eastern District of Wisconsin** |
| v. | } | **Cause No. 09-01190** |
| | } | |
| ANCHOR PACKING COMPANY, et al., | } | |
| | } | |
| Defendants. | } | |
| | } | |

**DEFENDANT CRANE CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Crane Co. (also with respect to incorrectly named defendants Crane Valves, Deming Pumps, and The Swartwout Company) respectfully submits this memorandum of law in support of its motion for summary judgment dismissing plaintiff's Complaint and any cross-claims asserted against Crane Co.

As a threshold matter in this case, plaintiff must demonstrate that Mr. Dion was exposed to asbestos released from a product for which Crane Co. is legally responsible.  Plaintiff has failed to do so.  Indeed, there is no evidence of record that Mr. Dion worked with or around any Crane Co. product—much less an asbestos-containing product manufactured or supplied by

Crane Co.  Moreover, Crane Co. has no duty to warn about, and cannot be held liable for, products it did not make, sell, or design.  Accordingly, plaintiff has failed to show any causal link between a Crane Co. product and Mr. Dion's injury; thus, Crane Co.'s motion for summary judgment should be granted.

## II.  <u>BRIEF STATEMENT OF FACTS</u>

Plaintiff originally filed a Complaint in the Circuit Court of Milwaukee County, Wisconsin on August 4, 2009, alleging that Mr. Dion developed mesothelioma as a result of exposure to asbestos-containing materials while working at Ansul, Inc. in Wisconsin from 1953 to 1989.  On December 23, 2009, The William Powell Company removed this action to the United States District Court for the Eastern District of Wisconsin, and it was subsequently transferred to the MDL 875 in the United States District Court for the Eastern District of Pennsylvania.

Plaintiff did not produce any evidence of exposure to any Crane Co. products in response to defendants' discovery requests.  Furthermore, Mr. Dion was not deposed in this matter, and plaintiff has failed to produce the testimony of any co-worker asserting that Mr. Dion worked with or around any asbestos-containing Crane Co. product during his career.  Accordingly, there is no evidence that Mr. Dion worked with or around even a single Crane Co. product—let alone an asbestos-containing product manufactured or supplied by Crane Co.

Based on the lack of evidence, Crane Co. previously filed a motion for summary judgment in this matter demonstrating that there was no evidence that Mr. Dion worked with or around a Crane Co. product.  In response, plaintiff produced, for the first time, two affidavits signed by co-worker Edward Kasal in an attempt to demonstrate that Mr. Dion worked around Crane Co. pumps and valves—notably, these affidavits did not assert that Mr. Dion worked around any asbestos-containing products manufactured or supplied by Crane Co.  In light of

those newly-produced affidavits, the Court granted defendants an opportunity to depose Mr. Kasal; he was subsequently deposed on June 27, 2011.  At his deposition, contrary to his affidavit, Mr. Kasal admitted that he has no recollection of seeing Mr. Dion work with or around a Crane Co. pump or valve; in fact, Mr. Kasal could not even recall seeing a Crane Co. pump at the Ansul facility.

|   |   |
|---|---|
| **Q:** | "Sitting here today, do you personally remember seeing a Crane Company pump? |
| **A:** | I can't." |
| . . . . | |
| **Q:** | "To re-ask my question, sitting here, do you actually recall seeing a Crane Company pump in the stockroom while you were at Ansul? |
| **A:** | I can't." |
| . . . . | |
| **Q:** | ". . . So my question is, do you actually recall seeing Mr. Dion doing work on a Crane Co. valve? |
| **A:** | No." |
| . . . . | |
| **Q:** | ". . . Do you actually remember Mr. Dion coming in with any other employee and asking you for a Crane Co. valve? |
| **A:** | I can't say that I do after this period of time." |
| . . . . | |
| **Q:** | "Okay.  Do you ever recall seeing Mr. Dion replacing or installing or repairing packing in a Crane Co. valve? |
| **A:** | I guess I don't.  Not at this time." |

*See* Deposition of Edward Kasal on June 27, 2011, at  91:13-15; 93:22-25; 109:15-18; and 110:15-17 (transcript is attached as Exhibit "A").  Mr. Kasal's testimony is clear—he did not recall Crane Co. pumps even being present at the Ansul facility, and he did not provide any testimony that Mr. Dion worked with or around a Crane Co. valve or pump.  As such, his testimony cannot be used to establish or even suggest that Mr. Dion worked with or around any Crane Co. products.

In sum, the evidence of record fails to create a genuine issue of material fact regarding whether Mr. Dion worked with or near any Crane Co. product that may have released asbestos.

Instead, the record affirmatively supports the opposite proposition—Mr. Dion was not exposed to any asbestos-containing product manufactured or supplied by Crane Co.

## III.    ARGUMENT

### A.    Summary Judgment Standard

Summary judgment exists "to isolate and dispose of factually unsupported claims." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

As demonstrated below, Crane Co. is entitled to summary judgment, because there is no evidence that establishes that Mr. Dion worked with or around any Crane Co. product that released asbestos to which he was exposed.  Moreover, Crane Co. has no duty to warn about, and is not liable for, asbestos-containing materials that it neither manufactured nor supplied. Accordingly, Crane Co. is entitled to summary judgment on all of plaintiff's claims based upon the record established in this case.

### B.    Plaintiff has failed to establish that exposure to a Crane Co. product caused Mr. Dion's injuries.

Plaintiff must demonstrate that Mr. Dion worked with or around a particular defendant's product sufficiently to establish that the product was a substantial factor in causing his injury. *See Merco Distg. Corp. v. Commercial Police Alarm Co.*, 84 Wis. 2d 455, 458, 267 N.W.2d 652 (1978) (holding that a plaintiff must show a defendant's conduct was a substantial factor – that it had such an effect in producing the harm that the trier of fact would regard it a cause); *Solar v. Kawasaki Motor Corps.*, 221 F. Supp. 2d 967, 971 (E.D. Wis. 2002) (holding that on summary judgment a plaintiff "must cite to evidence of causation – that the alleged defect played a substantial role in the harm").

The evidence in this case fails to create a genuine issue of material fact on the issue of causation.  As already discussed, throughout the course of discovery, plaintiff did not offer any evidence that Mr. Dion worked with or around a single Crane Co. product—Mr. Kasal's testimony does not alter this analysis.  Viewed in the light most favorable to plaintiff, the evidence does not demonstrate that Mr. Dion was exposed to asbestos released from a Crane Co. product.  Accordingly, the Court should grant summary judgment in favor of Crane Co.

C.    **Crane Co. is not liable for asbestos-containing materials that it did not manufacture, sell, or design.**

Even if plaintiff could show that Mr. Dion worked with asbestos-containing packing or gaskets in conjunction with his alleged work on Crane Co. pumps or valves (plaintiff cannot as she has not even demonstrated that Mr. Dion worked with or around those pumps or valves), there is no evidence that Crane Co. manufactured, supplied, designed, or otherwise placed any such products into the stream of commerce.  Under Wisconsin law, Crane Co. is not liable for asbestos-containing materials that it did not manufacture, sell, or design.  *See Shawver v. Roberts Corp.*, 280 N.W.2d 226, 233 (Wis. 1979) (holding that the manufacturer of a conveyor could not be held liable for the defect in a control system used with the conveyor which was neither manufactured nor supplied by the conveyor manufacturer, even if the control system was necessary for the conveyor to function properly); *Schreiner v. Weiser Concrete Prods.*, 720 N.W.2d 525, 530 (Wis. Ct. App. 2006) (holding that Wisconsin law is "consistent with other jurisdictions which have held that an ancillary component manufacturer has no duty to warn regarding the dangers associated with a separate manufacturer's defective products").

This principle is consistent with the majority view nationwide on this issue. *See, e.g., Taylor v. Elliott Turbomachinery Co.*, 171 Cal. App. 4th 564, 592-96 (2009) (holding that whether the claim is grounded in concepts of strict liability or negligence, California law does

not impose liability upon an equipment manufacturer, like Crane Co., for insulation, gaskets, or

packing material that it did not manufacture, design, or sell); *Simonetta v. Viad Corp.*, 197 P.3d

127, 138 (Wash. 2008) (en banc) (holding that a Navy equipment manufacturer cannot be liable

for insulation manufactured and supplied by others and used with its products); *Braaten v.*

*Saberhagen Holdings*, 198 P.3d 493, 504 (Wash. 2008) (en banc) (holding that a Navy

equipment manufacturer cannot be held liable for packing and gaskets manufactured and

supplied by others).[1]   Notably, the cases relied on in *Schreiner* are among the same cases relied

---

[1] The "majority view nationwide" is articulated in numerous opinions from courts across the country, including Kealoha v. E.I. Du Pont De Nemours & Co., 844 F. Supp. 590, 594 (D. Haw. 1994) (awarding summary judgment to the defendant component part manufacturer on the ground that it was not liable for later-added parts under Hawaii law and holding "[t]he alleged foreseeability of the risk of the finished product is *irrelevant* to determining the liability of the component part manufacturer because imposing such a duty would force the supplier to retain an expert in every finished product manufacturer's line of business") (emphasis added); *Ford Motor Co. v. Wood*, 703 A.2d 1315, 1331-32 (Md. Ct. Spec. App. 1998) (car manufacturer is not liable for replacement brakes that it did not manufacture, design or supply), *abrogated on other grounds by John Crane, Inc. v. Scribner*, 800 A.2d 727, 743 (Md. 2002) (cap on non-economic damages issue); *Sanders v. Ingram Equipment, Inc.*, 531 So.2d 879, 880 (Ala. 1988) (manufacturer of garbage packer not liable for chassis affixed to the packer); *Mitchell v. Sky Climber, Inc.*, 487 N.E.2d 1374 (Mass. 1986) (manufacturer of an electrically powered lift motor had no duty to provide instructions regarding rigging to use with scaffolding where manufacturer did not manufacture, design or assemble the scaffolding); *Franklins v. Performance Site Mgmt.*, No. 03AP-784, 2004 WL 1196140 (Ohio Ct. App. June 1, 2004) (holding that manufacturer had no duty to warn of potentially dangerous condition created when its product was used with another from a different manufacturer); *Frich v. Owens-Corning Fiberglas Corp.*, 618 So.2d 473 (La. App. 1993) (manufacturer had no duty to warn about product it neither manufactured nor sold); *Walton v. Harnischfeger*, 796 S.W.2d 225, 227 (Tex. Ct. App. 1990) (holding crane manufacturer not liable for injuries caused by defective rigging used with crane and explaining "we have never held a manufacturer liable . . . for failure to warn of risks created solely in the use or misuse of the product of another manufacturer"); *Spencer v. Ford Motor Co.*, 367 N.W.2d 393, 396 (Mich. App. 1985) (ruling manufacturer was not liable for defective wheel rim component added after sale); *Rastelli v. Goodyear Tire & Rubber Co.*, 591 N.E.2d 222, 225 (N.Y. Ct. App. 1992) (refusing to hold that tire manufacturer had duty to warn of defective rim manufactured and supplied by another, simply because defendant's tire was compatible with the defective rim); *Toth v. Economy Forms Corp.*, 571 A.2d 420, 422-23 (Pa. Super. Ct. 1989) (holding that manufacturer off scaffolding could not be held liable for defective wood planking that it did not manufacture or supply); *Walter Milich v. Anchor Packing Co.*, No. 08-10532 (Pa. Com. Pl., Butler Co., March 16, 2009) (summary judgment granted in favor of Crane Co.; no liability for replacement valve packing).

.

on in *Braaten* in its support of the same legal conclusion. *Compare Schreiner*, 720 N.W.2d at 530-31 *with Braaten*, 198 P.3d at 499.

Here, Crane Co. is not liable for Mr. Dion's alleged injury.  It is undisputed that Crane Co. did not manufacture, supply, or design any asbestos-containing product to which plaintiff alleges Mr. Dion was exposed.  Therefore, Crane Co. is entitled to summary judgment, and plaintiff's claims should be dismissed.

IV.    <u>**CONCLUSION**</u>

Crane Co. is entitled to summary judgment in this case.  Plaintiff has failed to establish a genuine issue of material fact on the issue of causation, because plaintiff has failed to come forth with evidence establishing that Mr. Dion worked with or near a Crane Co. product that may have released asbestos to which he was exposed.  Moreover, Crane Co. is not liable for products that it did not make, sell, or design.  Accordingly, Crane Co. respectfully requests that this Court grant its motion for summary judgment and dismiss plaintiff's claims in their entirety.

Dated:    July 20, 2011                              Respectfully submitted,


                                                     **K&L GATES LLP**


                                                     /s/ Michael J. Zukowski
                                                     Michael J. Zukowski, (Pa. I.D. 84136)
                                                     Syed D. Ali (Pa. I.D. 206719)

                                                     K&L Gates Center
                                                     210 Sixth Avenue
                                                     Pittsburgh, PA 15222
                                                     T:  412-355-6500
                                                     F:  412-355-6501

                                                     Attorneys for Defendant Crane Co.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant Crane Co.'s Motion for Summary Judgment and Defendant Crane Co.'s Memorandum of Law in Support of its Motion for Summary Judgment were electronically served on Plaintiff's counsel and all counsel of record on July 20, 2011 and are available for viewing and downloading from the Court's ECF system.


/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.