IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. DION          FILED          CONSOLIDATED UNDER
                                       MDL 875
        Plaintiff,
                      OCT - 5 2011
                                       Transferred from the Eastern
                  MICHAEL E. KUNZ, Clerk   District of Wisconsin
                  By_____Dep. Clerk     (Case No. 09-01190)
        v.

ANCHOR PACKING COMPANY,
et al.,
                                       E.D. PA CIVIL ACTION NO.
                                       2:10-cv-64681
        Defendants.

O R D E R

**AND NOW**, this **4th** day of **October, 2011**, it is hereby **ORDERED**

that the Motion for Summary Judgment of Defendant Crane Co. (doc.

no. 146) is **GRANTED**.[1]

---

[1]     Plaintiff filed this case in Wisconsin state court on
August 4, 2009, and it was removed on December 23, 2009 to the
United States District Court for the Eastern District of
Wisconsin and subsequently transferred to the Eastern District of
Pennsylvania as part of MDL-875.

        Plaintiff alleges that the decedent, Mr. Robert J. Dion,
developed mesothelioma as a result of exposure to asbestos-
containing materials throughout his career.  Mr. Dion served in
the United States Navy from 1946 through 1949.  From 1950 to 1953
he worked for the Prescott Company in Marinette, Wisconsin, and
from 1953 to 1989 he worked at Ansul Chemical Company ("Ansul"),
also in Marinette.  At Ansul, Mr. Dion was a machine operator
from 1953 to 1974, and was an insulator, painter, and maintenance
department worker from 1974 to 1989. (See Pl.'s Br. at 1, doc.
no. 154).  Mr. Dion was not deposed in this matter, but his
coworker, Mr. Edward D. Kasal, who worked with Mr. Dion from 1964
to 1980, was deposed. (See Dep. of Edward Kasal, June 27, 2011,
Pl.'s Ex. A).

I.    **LEGAL STANDARD**

      A.    Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

B.    Substantial Factor Test Under Wisconsin Law

Wisconsin applies the "substantial factor" test in deciding whether a defendant's negligence was a cause of a plaintiff's harm. The issue of causation is one for the jury. In order for defendant's negligence to be a cause of plaintiff's injury, such that defendant could be held liable for the injury, his negligence must have been "a substantial factor in producing the injury." Horak v. Building Servs. Indus. Sales Co., 750 N.W.2d 512, 517 (Wis. Ct. App. 2008) (quoting Jones v. Dane County, 537 N.W.2d 74, 84 (Wis. Ct. App. 1995)). In Wisconsin, "[t]he cause of an accident is not determined by its most immediate factor;" rather, "there may be several substantial factors contributing to the same result." Sampson v. Laskin, 224 N.W.2d 594, 597-98 (Wis. 1975).

"A mere possibility" of causation is not sufficient, and "when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced," then summary judgment must be granted for defendant. Zielinski v. A.P. Green Indus., Inc., 661 N.W.2d 491, 497 (Wis. Ct. App. 2003) (quoting

Merco Distrib. Corp. v. Commercial Police Alarm Co., 267 N.W.2d 652, 655 (Wis. 1978)). When there is "no credible evidence upon which the trier of fact can base a reasoned choice between . . . two possible inferences, any finding of causation" would be impermissibly based on speculation and conjecture. Merco, 267 N.W.2d at 655.

It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a "mere possibility." Zielinski, 661 N.W.2d at 497. However, summary judgment must be denied when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to [defendant's] products." Id.

Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak v. Building Servs. Indus. Sales Co., 750 N.W.2d 512, 516 (Wis. Ct. App. 2008) (citing Zielinski, 661 N.W.2d at 497-98); see also Lee v. John Crane, Inc., 2003 WL 23218095 at *2 (W.D. Wis. 2003) (citing Lockwood v. AC & S, Inc., 722 P.2d 826 (Wash. Ct. App. 1986) (requiring plaintiff to prove only that asbestos-containing product of defendant's was used at job site simultaneously with his employment)).

In Zielinski, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant. 661 N.W.2d at 493-94. The court found that issues of material fact existed with respect to the following issues: 1.) whether defendant sold or supplied asbestos-containing products to decedent's employer; and 2.) whether decedent was exposed to asbestos-containing products supplied by defendant while he worked for employer. Id. Regarding the first issue, plaintiff presented the testimony of one of decedent's co-workers, as well as the testimony of an expert, an engineer.  Both witnesses referred to approved vendor lists that had come from the employer, which indicated that defendant's asbestos-containing product was purchased by the employer. Id. at 494-496. Regarding the second issue, the court considered the "totality of the circumstances surrounding the work of masons at [the employer] and the products they generally used." Id. at 497. Decedent was a mason, and the testimony of his co-worker (also a mason) that both men performed refractory work on furnaces was enough to raise an issue of fact as to whether

decedent was exposed to defendant's asbestos-containing product
and whether it was a substantial factor in causing his injury.
Id. at 497-498.

In Horak, the Court of Appeals of Wisconsin reversed the
lower court's grant of summary judgment for defendant, when there
was evidence in the form of sales records that defendant had
supplied asbestos material to plaintiff's employer. 750 N.W.2d at
513. Although defendant was not the employer's "main supplier" of
asbestos materials, the sales records indicated that defendant
supplied thousands of pounds of asbestos insulation materials to
the employer during the time when plaintiff was employed there.
Id. at 514. Moreover, even though plaintiff did not testify in
this case, his co-worker testified that the employer had only
three or four employees, and that plaintiff's job duties included
installing asbestos installation, which released dust into the
air. Id. That the employer purchased asbestos from defendant
created a reasonable inference that the employer used defendant's
asbestos.  Also, the small size of the company created a
reasonable inference that plaintiff used at least some of
defendant's asbestos. Id. at 516-17. Therefore, summary judgment
was denied and the question of whether defendant's asbestos was a
cause of plaintiff's cancer became one for the jury. Id. at 517.

In sum, Wisconsin courts have found that when plaintiffs
have presented "credible evidence from which a reasonable person
could infer that [plaintiff] was exposed to" defendant's
asbestos-containing products, then summary judgment must be
denied, and the question of causation must be given to a jury.

## II.   MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CRANE CO.

### 1.   Defendant's Argument

Defendant argues that there is no evidence that Mr. Dion
worked with or around any Crane Co. product, or an asbestos-
containing product manufactured or supplied by Crane Co.
Defendant also argues that it has no duty to warn about, and
cannot be held liable for, products it did not make, sell, or
design. (Def.'s Br. at 2, doc. no. 146).

The only evidence that could possibly connect Mr. Dion to
Crane Co. products is the testimony of his co-worker, Mr. Kasal,
who had no recollection of seeing any Crane Co. pumps or valves
at Ansul, and who thus could not recall seeing Mr. Dion working
with or around Crane Co. pumps or valves. (Id. at 2-3).
Therefore, there is no issue of fact as to whether Mr. Dion

worked with or near any Crane Co. products that might have released asbestos.

### 2.   Plaintiff's Argument

Plaintiff argues that the following evidence constitutes "sufficient credible evidence from which a reasonable person could infer that Mr. Dion was exposed to asbestos-containing Crane Co. products": Mr. Kasal identified Defendant's pumps and valves as "more than likely" being present in the stockroom at Ansul; Defendant sold asbestos-containing valves, pumps and other products during the relevant time period and "has not denied" that such products were used at Ansul; and Mr. Kasal testified as to the work that Mr. Dion performed on pumps and valves at Ansul. Plaintiff further argues that Crane Co. is liable for Plaintiff's exposure to asbestos originally included with products that it manufactured, sold and/or designed.

Specifically, Plaintiff presents the testimony of Mr. Edward D. Kasal, a co-worker of Mr. Dion's from about 1964 to 1980. (See Dep. of Edward Kasal, June 27, 2011, Pl.'s Ex. A). Mr. Kasal testified that Crane Co. products were "more than likely" in the stockroom at Ansul when Mr. Kasal worked in the stockroom, and that the Crane Co. name sounded "familiar." (Id. at 93). He testified that he worked directly with valves on a regular basis, doing tasks such as tightening packing, removing insulation, general maintenance, etc. (Id. at 94). He also saw the decedent, Mr. Dion, performing similar work on valves at Ansul. (Id. at 98). Mr. Kasal further testified as to the work he performed on pumps while working at Ansul, and noted that he personally observed Mr. Dion assisting with pump maintenance "many times." (Id. at 176-78).

### 3.   Analysis

Wisconsin courts have found that when plaintiff has presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation must be given to a jury.

First, it must be noted that Plaintiff discusses the decedent's general work history and alleges that "Mr. Dion began working with or around Crane Co. pumps and valves in 1946" while he was in the Navy. (See Pl.'s Br. at 1, doc. no. 154). However, since Mr. Dion did not testify in this matter, there is no evidence that could potentially connect Mr. Dion to Crane Co.

products except for during the years of 1964 through 1980, which are the years that Mr. Dion worked in the same facility as Mr. Kasal.  The Court therefore limits its discussion to that time period, and summary judgment is granted at the outset with regard to any other alleged exposures.

As for the time period of 1964 through 1980, Plaintiffs have not produced sufficient evidence from which a reasonable person could find that Mr. Dion was exposed to Crane Co. asbestos-containing products.  The only potential product identification in this case came from Mr. Kasal's testimony.  The relevant testimony is as follows:

Q: . . . do you personally remember seeing any Crane Company pump anywhere in your time that you worked at Ansul?

A: (No response.)

Q: Sitting here today, do you personally remember seeing a Crane Company pump?

A: I can't.

. . .

Q: So fair to say sitting here today, you don't recall personally seeing Mr. Dion work on any Crane Company pump at the Ansul facility then?

A: No.

. . .

Q: . . . After what we just talked about, do you actually recall any Crane Company pumps at Ansul?

A: More than likely, they were in the stockroom. . . . And the name's familiar, but to say--put my finger on where that pump was used, I can't.

. . .

Q: . . . do you actually recall seeing a Crane Company pump in the stockroom while you were at Ansul?

A: I can't.

---

. . .

Q: Do you recall what brands of valves were at the Ansul facility?

A: I'm kind of stuck on that one.

(Dep. of Kasal at 91-93, 98).

Plaintiff relies on Mr. Kasal's testimony that "[m]ore than likely," Crane Co. pumps were in the stockroom. Plaintiff asserts, based on the above testimony, that Mr. Kasal "testified that Crane Co. valves were in use at the Ansul facility during the relevant time period," and that he "testified repeatedly that Crane Co. products were among those that he was familiar with while working in the stockroom." (See Pl.'s Br. at 2, doc. no. 154). However, a plain reading of Mr. Kasal's testimony reveals that Mr. Kasal was not "familiar with" Crane Co. valves, but rather believed merely that the name "Crane Co." sounded "familiar." Additionally, Mr. Kasal did not repeatedly testify that he worked with Crane Co. valves, but rather repeatedly said he could **not** recall ever seeing a Crane Co. valve at Ansul, in the stockroom or otherwise.

Unlike in Zielinski and Horak, Plaintiff here has not produced vendor lists or sales records indicating that Crane Co. in fact sold asbestos-containing products to Ansul. There is no testimony from Ansul employees who could raise an issue of fact as to whether Crane Co. asbestos was present at Ansul. Merely arguing that Defendant "has not denied" that it sold asbestos-containing products to Ansul is not enough to allow Plaintiff to meet his burden of producing sufficient evidence from which a reasonable person could infer that Plaintiff was exposed to Defendant's asbestos-containing products.

In Wisconsin, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was only a "mere possibility." Zielinski, 661 N.W.2d at 497. Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak, 750 N.W.2d at 516.

Although in comparison, Wisconsin's standards for exposure and product identification are quite liberal, in this case, even

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

if Mr. Dion did the "type of work" at Ansul that used asbestos, there is no evidence that Ansul bought asbestos from Crane Co. There exists only Mr. Kasal's testimony that it was "more than likely" that Crane Co. pumps were present in the stockroom of Ansul; however, he later admitted that he could not recall seeing Crane Co. valves or pumps at Ansul.  Therefore, based on the summary judgment record, Mr. Dion's exposure to any asbestos-containing Crane Co. products was a "mere possibility," and Plaintiff has not presented sufficient credible evidence from which a reasonable person could infer that Mr. Dion was exposed to Defendant's asbestos-containing products.

## III.   CONCLUSION

Summary judgment is granted in favor of Defendant, because Plaintiff has failed to provide sufficient credible evidence from which a reasonable person could infer that Mr. Dion was exposed to any Crane Co. asbestos-containing products.