IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. DION            :    CONSOLIDATED UNDER
                          :    MDL 875
    Plaintiff,    FILED    :

              OCT - 5 2011 :    Transferred from the Eastern
                          :    District of Wisconsin
    v.    MICHAEL E. KUNZ, Clerk   (Case No. 09-01190)
         By_____Dep. Clerk
ANCHOR PACKING COMPANY,   :
et al.,                   :
                          :    E.D. PA CIVIL ACTION NO.
                          :    2:10-cv-64681
    Defendants.           :

 O R D E R

**AND NOW**, this **4th** day of **October, 2011**, it is hereby **ORDERED**

that the Motion for Summary Judgment of Defendant Goulds Pumps,

Inc. (doc. no. 142) is **GRANTED**.[1]

---

[1]    Plaintiff filed this case in Wisconsin state court on
August 4, 2009, and it was removed on December 23, 2009 to the
United States District Court for the Eastern District of
Wisconsin and subsequently transferred to the Eastern District of
Pennsylvania as part of MDL-875.

    Plaintiff alleges that the decedent, Mr. Robert J. Dion,
developed mesothelioma as a result of exposure to asbestos-
containing materials throughout his career.  Mr. Dion served in
the United States Navy from 1946 through 1949.  From 1950 to 1953
he worked for the Prescott Company in Marinette, Wisconsin, and
from 1953 to 1989 he worked at Ansul Chemical Company ("Ansul"),
also in Marinette.  At Ansul, Mr. Dion was a machine operator
from 1953 to 1974, and was an insulator, painter, and maintenance
department worker from 1974 to 1989. (See Pl.'s Br. at 1, doc.
no. 154).  Mr. Dion was not deposed in this matter, but his
coworker, Mr. Edward D. Kasal, who worked with Mr. Dion from 1964
to 1980, was deposed. (See Dep. of Edward Kasal, June 27, 2011,
Pl.'s Ex. A).

I.    LEGAL STANDARD

    A.    Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

B.    Substantial Factor Test Under Wisconsin Law

Wisconsin applies the "substantial factor" test in deciding whether a defendant's negligence was a cause of a plaintiff's harm.   The issue of causation is one for the jury.   In order for defendant's negligence to be a cause of plaintiff's injury, such that defendant could be held liable for the injury, his negligence must have been "a substantial factor in producing the injury." Horak v. Building Servs. Indus. Sales Co., 750 N.W.2d 512, 517 (Wis. Ct. App. 2008) (quoting Jones v. Dane County, 537 N.W.2d 74, 84 (Wis. Ct. App. 1995)). In Wisconsin, "[t]he cause of an accident is not determined by its most immediate factor;" rather, "there may be several substantial factors contributing to the same result." Sampson v. Laskin, 224 N.W.2d 594, 597-98 (Wis. 1975).

"A mere possibility" of causation is not sufficient, and "when the matter remains one of pure speculation or conjecture or the probabilities are at best evenly balanced," then summary judgment must be granted for defendant. Zielinski v. A.P. Green Indus., Inc., 661 N.W.2d 491, 497 (Wis. Ct. App. 2003) (quoting

Merco Distrib. Corp. v. Commercial Police Alarm Co., 267 N.W.2d 652, 655 (Wis. 1978)). When there is "no credible evidence upon which the trier of fact can base a reasoned choice between . . . two possible inferences, any finding of causation" would be impermissibly based on speculation and conjecture. Merco, 267 N.W.2d at 655.

It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a "mere possibility." Zielinski, 661 N.W.2d at 497. However, summary judgment must be denied when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to [defendant's] products." Id.

Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak v. Building Servs. Indus. Sales Co., 750 N.W.2d 512, 516 (Wis. Ct. App. 2008) (citing Zielinski, 661 N.W.2d at 497-98); see also Lee v. John Crane, Inc., 2003 WL 23218095 at *2 (W.D. Wis. 2003) (citing Lockwood v. AC & S, Inc., 722 P.2d 826 (Wash. Ct. App. 1986) (requiring plaintiff to prove only that asbestos-containing product of defendant's was used at job site simultaneously with his employment)).

In Zielinski, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant. 661 N.W.2d at 493-94. The court found that issues of material fact existed with respect to the following issues: 1.) whether defendant sold or supplied asbestos-containing products to decedent's employer; and 2.) whether decedent was exposed to asbestos-containing products supplied by defendant while he worked for employer. Id. Regarding the first issue, plaintiff presented the testimony of one of decedent's co-workers, as well as the testimony of an expert, an engineer.  Both witnesses referred to approved vendor lists that had come from the employer, which indicated that defendant's asbestos-containing product was purchased by the employer. Id. at 494-496. Regarding the second issue, the court considered the "totality of the circumstances surrounding the work of masons at [the employer] and the products they generally used." Id. at 497. Decedent was a mason, and the testimony of his co-worker (also a mason) that both men performed refractory work on furnaces was enough to raise an issue of fact as to whether

decedent was exposed to defendant's asbestos-containing product and whether it was a substantial factor in causing his injury. Id. at 497-498.

In Horak, the Court of Appeals of Wisconsin reversed the lower court's grant of summary judgment for defendant, when there was evidence in the form of sales records that defendant had supplied asbestos material to plaintiff's employer. 750 N.W.2d at 513. Although defendant was not the employer's "main supplier" of asbestos materials, the sales records indicated that defendant supplied thousands of pounds of asbestos insulation materials to the employer during the time when plaintiff was employed there. Id. at 514. Moreover, even though plaintiff did not testify in this case, his co-worker testified that the employer had only three or four employees, and that plaintiff's job duties included installing asbestos installation, which released dust into the air. Id. That the employer purchased asbestos from defendant created a reasonable inference that the employer used defendant's asbestos.  Also, the small size of the company created a reasonable inference that plaintiff used at least some of defendant's asbestos. Id. at 516-17. Therefore, summary judgment was denied and the question of whether defendant's asbestos was a cause of plaintiff's cancer became one for the jury. Id. at 517.

In sum, Wisconsin courts have found that when plaintiffs have presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation must be given to a jury.

## II.   MOTION FOR SUMMARY JUDGMENT OF DEFENDANT GOULDS PUMPS, INC.

Wisconsin courts have found that when plaintiff has presented "credible evidence from which a reasonable person could infer that [plaintiff] was exposed to" defendant's asbestos-containing products, then summary judgment must be denied, and the question of causation must be given to a jury.

First, it must be noted that Plaintiff discusses the decedent's general work history and alleges that Mr. Dion "has worked with or around Goulds' asbestos-containing products extensively during his adult life," beginning in 1946 when he was in the Navy. (See Pl.'s Br. at 1, doc. no. 155). However, since Mr. Dion did not testify in this matter, there is no evidence that could potentially connect Mr. Dion to Goulds Pumps, Inc.'s ("Goulds") products except for during the years of 1964 through 1980, which are the years that Mr. Dion worked in the same

facility as Mr. Kasal.  The Court therefore limits its discussion to that time period, and summary judgment is granted at the outset with regard to any other alleged exposures.

Plaintiff asserts that "It is uncontested that Goulds manufactured, designed, sold or otherwise distributed asbestos-containing pumps during the relevant time period."  However, Plaintiff does not have evidence to back up this statement or to connect any Goulds asbestos-containing products to Ansul and then to Mr. Dion.

As for the time period of 1964 through 1980, Plaintiffs have not produced sufficient evidence from which a reasonable person could find that Mr. Dion was exposed to Goulds asbestos-containing products.  The only potential product identification in this case came from Mr. Kasal's testimony.  Mr. Kasal remembered one Goulds product, specifically, at Ansul: a "flash pumps" that pushed water into a storage tank that supplied water to a boiler in the boiler room. (Dep. of Kasal at 148-49).  The pump was not insulated. (Id. at 149-50). Mr. Kasal and Mr. Dion replaced packing on that pump, but did not need to open the pump or disassemble it. (Id. at 155-56).  Mr. Kasal did not know what the packing or gasket materials in the Goulds flash pump were made out of. (Id. at 152, 160).

Unlike in Zielinski and Horak, Plaintiff here has not produced vendor lists or sales records indicating that Goulds in fact sold asbestos-containing products to Ansul.  There is no testimony from Ansul employees who could raise an issue of fact as to whether asbestos attributable to Defendant was present at Ansul.  Merely arguing that Defendant "has not denied" that it sold asbestos-containing products to Ansul is not enough to allow Plaintiff to meet his burden of producing sufficient evidence from which a reasonable person could infer that Plaintiff was exposed to Defendant's asbestos-containing products.

In Wisconsin, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was only a "mere possibility." Zielinski, 661 N.W.2d at 497. Wisconsin courts have denied summary judgment when the record has established the following: plaintiff did the "type of work" that used asbestos; plaintiff's employer bought or "probably bought" asbestos from defendant; and a reasonable jury could infer that plaintiff therefore used asbestos in his work. See Horak, 750 N.W.2d at 516.

Although Wisconsin's standards for exposure and product

AND IT IS SO ORDERED.

EDUARDO C. ROBRENO, J.

---

identification are relatively liberal, in this case, even if Mr. Dion did the "type of work" at Ansul that used asbestos, there is no evidence that Ansul bought asbestos from Defendant. There exists only Mr. Kasal's testimony that Mr. Dion worked on a Goulds product at least once. However, there was no testimony as to whether dust was emitted during the process; and moreover, Mr. Kasal admitted that he did not know what packing or gasket materials in the Goulds product were made out of. Therefore, based on the summary judgment record, Mr. Dion's exposure to any asbestos-containing Goulds product was a "mere possibility," and Plaintiff has not presented sufficient credible evidence from which a reasonable person could infer that Mr. Dion was exposed to any of Defendant's asbestos-containing products.

## III.   CONCLUSION

As his only product identification evidence, Plaintiff produced the testimony of one of Mr. Dion's co-workers; however, although he testified that he recalled seeing Mr. Dion work on one Goulds pump, Plaintiff has not presented any evidence that such a pump contained asbestos. Summary judgment is granted in favor of Defendant, because Plaintiff has failed to provide sufficient credible evidence from which a reasonable person could infer that Mr. Dion was exposed to any Goulds Pumps, Inc. asbestos-containing products.